### CANTON (CITY) v. WALTER PRYKE.

**1. Motion by Defendant at Close of Plaintiff's Evidence to Direct Verdict net Submission of Defendant's Case.**

A motion made by the defendant, at the close of the evidence offered by the plaintiff, to direct a verdict in favor of the defendant is not a submission of the defendant's case and cannot be made so by the plaintiff's joining in such motion. Such a motion by the defendant tests the sufficiency of the plaintiff's case, and is in no wise a submission of defendant's case.

Canton v. Pryke.

**2. Motion to direct Verdict Equivalent to Demurrer to Plaintiff's Evidence and if Overruled Defendant May Submit Case to Jury.**

> A motion by defendant to direct a verdict in his favor made at the close of the evidence of plaintiff is equivalent to a demurrer to the plaintiff's evidence and under the code practice if overruled, the defendant has a right to introduce his testimony and have the cause submitted to the jury on the facts; and the nature of such a motion by defendant is not changed by plaintiff joining in such motion.

**3. Motions by Both Defendant and Plaintiff at Close of Plaintiff's Evidence, not Waiver of Right by Defendant to Introduce Evidence and Submit Cause to Jury on Facts.**

> Where it appears that at the close of the testimony offered by the plaintiff, a motion was made by the defendant to direct a verdict in its favor, and a motion was also made by the plaintiff to direct a verdict in his favor and the motion of the defendant was overruled, the defendant then had the right to go forward and offer his evidence and have the whole cause submitted to the jury on the facts; and when the motion of plaintiff was sustained and a verdict for plaintiff was directed by the court, such action on the part of the court deprived the defendant of its constitutional right to a trial by jury.

**4. Waiver of Jury Trial must be Shown in Record by Unequivocal Terms.**

> The right of trial by jury should ever be held inviolate, and if a party who is entitled to such trial waives such right, the record must disclose such waiver in unequivocal terms.

ERROR.

*Walter S. Ruff* and *Clarence A. Fisher,* for plaintiff in error.

*Webber & Turner,* for defendant in error.

## POWELL, J.

The defendant in error, Walter Pryke, recovered a judgment against the city of Canton, for damages arising from the loss of the personal services of his wife, by reason of the negligence of said city in the maintenance of its streets and street crossings. Said judgment is brought into this court by petition in error for review. The question presented to us for adjudication is one of procedure and not one arising out of the merits of the case.

The record shows that when the case was on trial in the court of common pleas the plaintiff, Pryke, offered his testimony and rested his case. The defendant, the city of Canton, then moved for a directed verdict in its favor, whereupon the

plaintiff joined in said motion, asking a directed verdict in favor of the said plaintiff. The court overruled the motion of defendant and sustained the motion of plaintiff, directing a verdict in his favor in the sum of $2500, which verdict was returned by the jury and the judgment thereupon was entered. Defendant filed a motion for a new trial, which was overruled, and a bill of exceptions was taken, containing the entire record and the same was filed in this court with the petition in error.

Did the court err in its action on said two motions for a directed verdict? We are of the opinion that it did.

The conduct of the trial of a cause in the court of common pleas is provided for by Secs. 11447 and 11448 G. C. By Subd. 3 of Sec. 11447 it is provided as follows:

''3. The party who would be defeated, if no evidence were offered on either side, first, must produce his evidence, and the adverse party must then produce his evidence.''

Pursuant to this direction plaintiff offered all his evidence and rested. Defendant then by his motion for a directed verdict, submitted for the consideration of the court, the evidence offered by the plaintiff, with the claim that even if its truth were admitted it would not make a case that would entitle the plaintiff to a judgment in his favor. The action of the defendant was equivalent to a demurrer to the evidence, the only difference being in the legal effect of an order sustaining the same. Formerly on an order sustaining a demurrer to the evidence, a nonsuit was entered, which did not bar a second suit on the same cause of action, but now a judgment entered on an order sustaining a motion to direct a verdict is *res judicata* and no second suit can be maintained, otherwise a motion to direct a verdict and a demurrer to the evidence are one and the same thing. A motion by the defendant to direct a verdict at the close of plaintiff's case is not a submission of the defendant's case and cannot be made so by the plaintiff's joining in such motion. He had nothing to submit that was not already submitted when he had offered his evidence and rested his case. His joining in defendant's motion does not change the nature of it. It is still a motion testing the sufficiency of the plaintiff's evidence, and is in no wise a submission of defendant's case. It is said, how-

Canton v. Pryke.

ever, that the record does not show a prejudicial error in the action of the court; that the defendant should have stated what he intended to prove by the evidence to be offered. We do not subscribe to this view. The statute above cited prescribes what the record should show. It should show that the plaintiff offered his testimony and rested; that a motion to direct a verdict was filed by the defendant and overruled; that the defendant then offered its evidence, or refused to offer any, as the case might be and rested. If its motion to direct a verdict was then renewed as required by law, the whole case would be before the court and jury, and a motion by the plaintiff for judgment on the whole case would be a submission of the whole case to the court, as a matter of law and without the intervention of the jury.

A case cannot be submitted and adjudicated on the submission of one side only. If it is submitted on the evidence it must be submitted on the whole evidence, and the record must so show. If on a motion for judgment on the pleadings it must be on all the pleadings in the case and not on any one of them. It is not necessary in this case to show what the evidence to be offered tended to prove. It is only necessary to show that the defendant had evidence to offer, or if it had none to offer that it rested its case. This it does not show and the court erred in directing a verdict for plaintiff and in entering judgment thereon without such evidence having been offered.

It is strongly contended in argument that the defendant waived its right to have its case submitted to a jury, and that it consented to have its case passed on by the court, or that the court should direct such verdict to be returned as the pleadings and the evidence would warrant.

The right of trial by jury should ever be held inviolate, and if a party who is entitled to a trial of his cause waives such right, the record ought to disclose such waiver in unequivocal terms. What does this record disclose that can be construed as a waiver of a jury trial, and submission of the same to the court without the intervention of a jury?

The record shows that the court overruled the motion of defendant for a directed verdict and sustained the motion of

plaintiff for such verdict. After this had been done, counsel for the plaintiff said: "We now ask that the case go to the jury on the facts." Counsel for the defendant then said: "We object and insist that it is not the correct procedure." The court then submitted the case to the jury, by directing it to return a verdict for the plaintiff in the sum of $2500, which it did.

A majority of the court do not think that this constitutes a waiver of any of its rights on the part of the defendant. It was and is more of a protest to the action of the court in sustaining plaintiff's motion for a directed verdict, the motion for which had already been sustained. There remained nothing to submit except a direction by the court to the jury to retire and return a verdict in an amount fixed by the court.

"The right of trial by jury being guaranteed to all our citizens by the constitution of the state, cannot be waived or violated by either legislative act or judicial order or decree." *Gibbs* v. *Girard*, 88 Ohio St. 34 [102 N. E. Rep. 299].

In the able opinion in this case, at page 47, the court says:

"So long as the trial by jury is a part of our system of jurisprudence its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our constitution."

A majority of the court think there was no waiver of any rights on the part of the defendant; that the court erred in sustaining plaintiff's motion for a directed verdict, and in directing the jury to return the verdict that was returned.

Said judgment will, therefore, be reversed and the cause will be remanded to the court of common pleas for a new trial, and for such other proceedings as are authorized by law. Judgment reversed.

**Houck, J.,** concurs.

**Shields, J.,** dissenting.

I dissent from the conclusion reached herein by my associates, basing such dissent upon the conclusion stated in the

Canton v. Pryke.

majority opinion in respect to the court below denying to the defendant its constitutional right of trial by jury.

In referring to the parties herein they will be referred to in the same relation as they were in the action below.

The proceeding instituted here is to reverse the judgment of the court of common pleas rendered in an action brought by the plaintiff to recover damages for loss of the services of his wife, Elizabeth Pryke, because of the injuries alleged to have been sustained by her by tripping and falling over a defectively constructed gutter plate at the intersection of Cherry avenue and Fourth street in the city of Canton, caused as alleged, by the negligence and carelessness of said city.

An answer was filed denying the negligence charged and denying all liability on the part of said city.

Trial was had and at the conclusion of the evidence introduced on behalf of the plaintiff upon motions submitted for a directed verdict by both the plaintiff and defendant, as hereinafter more particularly set forth, the trial court directed the jury to return a verdict for the plaintiff in the sum of $2500, which was accordingly done and judgment was entered upon said verdict.

The petition in error alleges several grounds for the reversal of said judgment, but the principal grounds argued and relied on are contained in what are designated as grounds Nos. 6 and 8, which are as follows:

6. "The court erred in directing a verdict in favor of the defendant in error after said court had overruled the motion of the plaintiff in error to direct a verdict in its favor, and said court in refusing to permit the plaintiff in error to introduce any testimony, deprived it of its constitutional right of a trial by jury as guaranteed to it by Sec. 5, Art. 1, of the constitution of the state of Ohio."

8. "There is further error in the record and proceedings in this, that at the close of the evidence offered by the defendant in error the plaintiff in error having made a motion for the direction of a verdict in its favor and the court having then and there overruled the same, and without giving the plaintiff in error any opportunity to introduce its testimony in defense and

as against its offer to so introduce its testimony in defense, directed a verdict on the sole evidence of the defendant in error, to all of which the plaintiff in error then and there objected and protested; and the plaintiff in error says that thereby the court deprived the plaintiff in error of its constitutional right of a trial by jury as guaranteed it under Sec. 5, of Art. 1, of the constitution of Ohio, and that the act of said court in so directing a verdict in favor of the defendant in error and refusing to permit the plaintiff in error to present its evidence to the jury for its consideration, was an arbitrary and unreasonable exercise of judicial authority."

It appears from the record that at the conclusion of the plaintiff's case the defendant submitted the following motion:

"Now comes the defendant and moves the court to arrest this case from the jury and direct a verdict in favor of the defendant for the reason that the evidence produced on the part of the plaintiff is insufficient in law to sustain the plaintiff's cause of action, and for the further reason that plaintiff has not claimed any actual notice on the part of the city of the defective street and there is no evidence of any constructive notice sufficient to warrant the court in submitting this cause to the jury."

It appears that upon the submission of the foregoing motion of the defendant, the plaintiff likewise submitted the following motion:

"Now comes the plaintiff, the defendant having moved the court to direct a verdict for the defendant, and joins in such motion and asks the court to direct a verdict for the plaintiff."

Here the record shows that the foregoing motions were submitted; it was argued that the motion of the defendant was passed on and overruled by the trial court before the motion of the plaintiff was made, and that, therefore, the two motions were not before the trial court for determination at the same time. Whatever the fact, the court can only accept the record as showing the proceedings upon the trial and referring to the record we find the following after the submission of said motion for a verdict by the defendant:

"MOTION OVERRULED."

After referring to the fact that both the defendant and plaintiff submitted motions for a directed verdict, the following appears:

"The Court: The record should show that Mr. Turner made his motion before the court overruled the defendant's motion. The fact is Mr. Turner and myself spoke at the same time and the stenographer took my remark and turned around and asked what Mr. Turner had said because of the fact that both spoke at the same time; Mr. Turner was right there and he was diligent in the matter, he attempted to protect the rights of his client.

"Mr. Ruff: The motion of the defendant having been overruled, the defendant, the city of Canton, now offers Miss Tyrone Bloomfield as a witness on behalf of said defendant to give testimony in it's behalf.

"Mr. Turner: I want the record to show that plaintiff's counsel at this point interposed and objected to the statement made by counsel for the defendant in view of the fact that the court has not passed upon either of the motions submitted at this time and the statement dictated by counsel in the record as a statement of fact does not comport with the facts.

"The Court: The objection by counsel for plaintiff is well taken and sustained. At the conclusion of the plaintiff's case, and after the plaintiff had rested his case, counsel for defendant made the motion hereinbefore set forth. The court had stepped down from the bench to listen to the dictation and Mr. Turner, counsel for plaintiff, had also stepped to the stenographer's table and was listening to the dictation. At the conclusion of the dictation Mr. Turner and the court spoke at the same instant. The court overruling the motion made by the counsel for the defendant and Mr. Turner making a motion to the effect that the case should be taken from the jury and a verdict directed in favor of the plaintiff. The record should show that immediately following the motion by counsel for defendant the motion was made by Turner as counsel for the plaintiff.

"And the court coming now to pass upon the motions made

by the respective counsel overrules the motion made by counsel for the defendant and sustains the motion made by counsel for the plaintiff, to which ruling of the court counsel for defendant excepts.

"Counsel for plaintiff: We now ask that the case go to the jury on the facts.

"Counsel for defendant: We object and insist that this is not the correct procedure.

"Court: Inasmuch as it is a question of the case to be submitted to the jury, I think under the 88th Ohio State the court has no alternative in the matter and must submit the case to the jury, which it will do.

"Gentlemen of the Jury: Motions have been made in this case in such a way and to such an extent that it has become the duty of the court to direct you in your finding in this case. It is the duty of the court and I now direct you that you shall return a verdict for the plaintiff in this case, and in the sum of $2500. You may retire and you may return a verdict for that amount."

Now comes the defendant and excepts to the court directing a verdict in favor of the plaintiff in the sum of $2500.

Upon the foregoing record did the court err in directing a verdict for the plaintiff?

Courts have full control of their records and while it is apparent that some confusion arose due to the fact that both the court and counsel were talking at the same time after the submission of said motions for a directed verdict, there is no room for doubt as shown by the record that said motions were submitted to the court before either was passed upon.

The statute plainly regulates the method of procedure of trials. Here it appears that after the plaintiff had submitted his case a motion was made by both the defendant and the plaintiff for a directed verdict. While recognizing the distinction between a nonsuit under the former code practice and the legal effect of a directed verdict under the present code provision, the question arises upon the record as to what additional legal right, if any, did the plaintiff acquire by the submission of his motion for a directed verdict in connection with that of the defendant?

Canton v. Pryke.

The plaintiff's case was then already made and it would seem that the submission of said motion in no wise changed the situation. The question and the only question before the trial court was on the sufficiency of the evidence introduced upon the part of the plaintiff to make his case under his petition, as raised by, the defendant's motion to direct a verdict in favor of the defendant on the ground "that the evidence produced on the part of the plaintiff if insufficient in law to sustain the plaintiff's cause of action."

If the record stopped here I would say that this action of the trial court in undertaking to render judgment on the motion of the plaintiff as the case then stood was not only irregular, but erroneous, for I am not fully persuaded that the trial court, under the authorities presented was authorized to enter a judgment in the case until after all the evidence had been presented upon the part of both the plaintiff and the defendant, or until full opportunity had been offered the defendant to present its defense unless such right was waived, in which event such waiver would be deemed a submission to the court of the questions of law and fact involved. That the defendant had the constitutional right to have its rights passed upon by a jury admits of no question, but it is claimed that this right was waived by the defendant in refusing to introduce any evidence after the trial court held against it on its motion for a directed verdict. True it may be said that the court had then already sustained a motion for a directed verdict on behalf of the plaintiff who as already stated was called upon to sustain the allegations of his petition, which action of the court was of itself harmless, but after the dispute between the court and counsel over the statements of the record was settled as appears by the record, with the right reserved to the defendant to make its defense upon the merits of the case, was not the opportunity then expressly offered to the defendant to make such defense and such opportunity declined? Under this record I am of the opinion that the constitutional right of the defendant to have the merits of its case passed upon by a jury was not denied, but that such right was expressly waived by the defendant's own voluntary act

and having waived it, the court under the law then became invested with the functions of a jury and passed on the evidence and directed a verdict which was accordingly rendered by the jury.

For the foregoing reasons I do not concur in the judgment of the majority of the court.