McDonough, Appellant, *v.* The Community Traction Co., Appellee.

(Decided November 29, 1937.)

*Mr. J. W. Starritt,* for appellant.

*Messrs. Welles, Kelsey & Cobourn* and *Mr. Frank A. Harrington,* for appellee.

Carpenter, J.   This was an action for damages resulting from personal injuries.   At the close of the plaintiff's evidence, the defendant moved for a directed verdict and the plaintiff also moved for a directed verdict in her favor.   Thereupon the court said:

"The court finds upon the issues joined in these motions in favor of the defendant and against the plaintiff."

To this the plaintiff excepted, but made no objection to the court's procedure, nor did she request that the fact issues presented by her evidence be submitted to the jury, which was not discharged until after plaintiff's exceptions had been noted and apparently there was ample opportunity for her to have made such request, had she cared to do so.

A motion for a new trial was filed by plaintiff, in which she complained for the first time that defend-

ant's motion was not overruled and the matter submitted to the jury. Other errors were urged in the motion which was overruled, and judgment was entered for the defendant. From this plaintiff appealed and assigns the errors set out in her motion for a new trial.

The question in the case is whether, when confronted with motions by both parties for a directed verdict, the court was thereby invested with authority to decide the fact issues presented by the evidence as it then stood. If it had that power, the judgment it entered cannot be disturbed unless it is clearly against the weight of the evidence. If it did not have such power, this judgment must be reversed because this court is of the opinion that the evidence as it stood at the close of the plaintiff's case required submission to the jury as against the defendant's motion alone.

Had these motions been presented after the defendant had rested, they would, in effect, have been a waiver of a trial by jury. *First National Bank* v. *Hayes & Sons,* 64 Ohio St., 100, 59 N. E., 893; *Glass Coating Co.* v. *Clark,* 118 Ohio St., 10, 17, 160 N. E., 460; *Buckeye State Bldg. & Loan Co.* v. *Schmidt,* 131 Ohio St., 132, 137, 2 N. E. (2d), 264.

As this record stood, the reasoning in these cases applied with equal force to this case. The plaintiff had presented all her evidence. By both parties presenting motions for judgment, they "thereby clothed the court with the function of a jury." The court weighed the evidence and found for the defendant. The plaintiff cannot, and the defendant does not, complain because the defendant did not get to present its evidence. By joining in the defendant's motion as she did, she in effect said she was willing to have the court judge the case on her evidence, otherwise she would not, by her motion, have invited the court to do so.

While this exact situation has not been decided in any reported case in Ohio, the principle announced in *Bank* v. *Hayes, supra,* has been applied when similar motions have been presented at other stages of the trial procedure, in *Strangward* v. *American Brass Bedstead Co.,* 82 Ohio St., 121, 91 N. E., 988, on motions for judgment on the pleadings made at the beginning of the trial, and in *Yappel* v. *Mozina,* 33 Ohio App., 371, 169 N. E., 315, at the conclusion of the opening statements.

Even after the court's decision on the motion was announced, plaintiff could have withdrawn her motion and asked to have the matter submitted to the jury and, taking the view this court does of the evidence, had the trial court refused her request it would have committed error. *Nead* v. *Hershman,* 103 Ohio St., 12, 132 N. E., 19, 18 A. L. R., 1419. Had such request been made and granted, the defendant might or might not have presented its evidence as it then chose.

Holding that the trial court acted within its powers in assuming to decide the fact issues, its judgment is not manifestly against the weight of the evidence. Finding no errors prejudicial to the appellant, the judgment is affirmed.

*Judgment affirmed.*

LLOYD and OVERMYER, JJ., concur.