## ROSENTHAL v CITY SAVINGS & LOAN CO.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17373. Decided Jan. 29, 1940.

Andrew Pangrace, Esq., Lakewood, for defendant-appellant.

### OPINION

By TERRELL, PJ.

Action by plaintiff was instituted in the Municipal Court of Cleveland for a real estate commission which resulted in a judgment for the plaintiff for the amount claimed.

The case is here on appeal by the defendant on questions of law.

The facts pertinent to the controversy are as follows:

Defendant, a Savings & Loan Association, was in the hands of the Superintendent of Building & Loan Associations for the purpose of liquidation. Among the assets of said defendant, in the hands of the said Superintendent, was an apartment building which it was endeavoring to sell. Plaintiff, a licensed real estate broker, pursuant to a written agreement with the Superintendent of Building & Loan Associations, procured a written agreement from one Vinocour to purchase said apartment building for $135,000.00, for which the plaintiff was to receive a real estate broker's commission of $2,500.00.

The Superintendent of Building & Loan Associations approved and accepted the said offer and agreed to pay the real estate broker's commission. The buyer paid Five Hundred Dollars ($500.00) down on the contract of purchase to the Superintendent, which has not been returned.

The said written offer to purchase and agreement to pay the real estate broker's commission was duly submitted to the Common Pleas Court by the Superintendent in accordance with the statutes, for approval and authority to consummate the transaction. The court, upon due hearing, approved the transaction as set forth. It was also approved and accepted by the Superintendent.

The buyer did not complete the transaction in thirty (30) days, the time set forth in the contract and as provided in the journal entry of the court.

The property and assets of the defendant were turned back to the defendant by the Superintendent, under the law, for further liquidation. The rights and obligations of the Superintendent under said agreement accrued to and devolved upon the defendant.

Defendant now urges non-liability to pay said real estate broker's commission, because of the failure of the buyer to pay the balance of the purchase price, and complete the transaction.

Under these circumstances, is the real estate broker entitled to his commission?

Under the accepted law of this state, a real estate broker is entitled to the commission agreed upon, in the absence of fraud, when he procures a binding written contract between buyer and seller for the purchase and sale of the property, and his right to such compensation is not dependent upon the payment of the full purchase price. **Carey v Conn, 107 Oh St 113.**

In the case before us, there is no question of fraud. The broker procured the purchaser and the seller to enter into a binding written contract to effect the sale. The purchaser partly performed by paying Five Hundred Dollars ($500.00) down. The seller accepted the services of the broker in procuring the said purchase contract and has kept the Five Hundred Dollars ($500.00). The contract does not provide that no commission will be paid unless the purchaser pays the full price. The Court of Common Pleas approved the transaction and authorized and ordered the payment of Two Thousand Five Hundred Dollars ($2,500.00) to the real estate broker for his services, as agreed upon. The court did not order that the said compensation should not be paid unless the purchaser paid the balance of the purchase price.

Again referring to **Carey v Conn, 107 Oh St., at page 116:**

"After the contract was duly executed by the parties, such contract constituted a waiver so far as Conn was concerned, in regard to the purchaser being ready, willing and able to purchase the property. Whatever infirmities may have arisen out of the contract and conduct of the parties thereafter, did not and could not in any wise prejudice the rights of Conn to recover upon his contract to find such purchaser and make such sale."

There is no apparent reason why the general rule of real estate brokers should be set aside in this case because the Superintendent of Building & Loan Associations is a party actor in the case, and the defendant is in liquidation. The services of the real estate broker were fully performed and he ought to be entitled to his commission.

If the Superintendent of Building & Loan Associations in the proper conduct of the liquidation of a Building and Loan Association, saw fit and proper to obtain the services of an architect to prepare certain plans for an addition or alteration to some building then owned by said Building & Loan Association, and had legally and properly obtained the consent and the approval of the Common Pleas Court thereto, for the benefit of the said estate, there would be no reason why the architect should not be paid because the building addition or alteration contemplated was not later effected.

So, in this case, it does not seem to appeal to sound reason to prevent the real estate broker from obtaining the compensation which was agreed upon, approved by the Common Pleas Court and earned.

For the reasons herein stated, the majority of this court conclude that the judgment of the trial court should be affirmed.

MORGAN, J., concurs.
LIEGHLEY, J., dissents.

LIEGHLEY, J. (Dissenting):
For the reason that under the particular facts of this case, the right of the broker to the commission is dependent upon the consummation of the trans-

action, which the broker promoted and of which his commission is a part, within the time and upon the terms prescribed by the journal entry approved by the Court, and as an extension of time was not sought nor granted, nor were the directors of defendant obliged to do so, the vendee after the thirty days could not enforce his breached contract and the broker is not entitled to the commission.