## M. L. FREEMAN CO. v HANNA

Ohio Appeals, 9th Dist, Summit Co

No 3239. Decided Feb 15, 1940

John M. Jarboe, Akron, and Clarence L. Becker, Akron, for appellant.

Hutchison & Firestone, Akron, for appellee.

## OPINION

By STEVENS, J.

On February 17, 1939, plaintiff, a real estate broker, and defendant. the owner of the premises here involved, entered into a contract in writing, of which the following is a copy:

"Akron, Ohio, Feb. 17, 1939.

"To The M. L. Freeman Company, Realtors:

"In consideration of your agreement to use your efforts in finding a purchaser for my property, I hereby grant you the exclusive right until the 6th day of March, 1939, to sell the property known as 801 Dover, for the sum of $13,000.00, payable cash (cedar closet, will sell new curtains up), or at any other price, terms, or exchange, to which I may consent, with permission to you to become the purchaser thereof.

"If you are successful in finding a purchaser for my property, or if the same is sold or exchanged during the term of your exclusive agency, or is sold or exchanged within six (6) months after the period of this agency to anyone with whom you have negotiated with respect to a sale or exchange during the period of this agency and of whom I have had notice, I agree to pay you the Akron Real Estate Board rate of commission, as follows: On city properties, 5% on the first $10,000.00; and 3% on the balance of the purchase price; farms and suburban property, 5% on the purchase price; minimum commission on any sale, $100.00.

"In the event of such sale or exchange, I further agree to execute and deliver to the purchaser, his heirs, successors or assigns, a deed with full covenants of warranty and release of dower and to furnish an abstract of record title to said premises, and in case I should be unable or refuse to convey the title according to this agreement, I agree to pay you for services the full commission the same as if a conveyance was made.

"You are hereby authorized to place a "For Sale" sign on said property, and remove all other "For Sale" or "For Rent" signs.

"(Signed) Ethel R Hanna, Owner."

"In consideration of the above listing, we hereby agree to use our efforts to effect a sale of the above mentioned premises within the time above stipulated.

"THE M. L. FREEMAN COMPANY,

"By W. F. Leach."

On February 27, 1939, defendant entered into a written contract of sale with P. E Arapakis, a purchaser procured by plaintiff, by the terms of which contract defendant agreed to sell to Arapakis the property theretofore listed with plaintiff, upon the terms contained in said sales contract. A payment of $100 earnest money was made at the time of the execution of the sales contract.

Thereafter, Arapakis failed to comply with said contract.

Demand was made by plaintiff upon defendant for the payment of its commission, to which demand defendant refused to accede.

Suit was then brought by plaintiff to recover the amount alleged to be due it from defendant, for the commission claimed to have been earned.

Upon the trial in the Municipal Court of Akron, the trial court submitted the case to the jury on the theory that the contract was ambiguous, and that it was a question for the jury to determine whether or not the plaintiff "fulfilled its part of the contract".

A verdict for the defendant was returned by the jury, and judgment entered thereon. Appeal on questions of law brings the matter before this court.

Our examination of the listing contract convinces the members of this court that there is no ambiguity in the contract.

The contract provides: "If you are successful in finding a purchaser for my property, or if the same is sold or exchanged during the term of your

exclusive agency, * * * I agree to pay you * * *."

The next paragraph, which defendant (appellee) claims to be inconsistent with the first paragraph, deals only with the subject of sale or exchange, but not with the question of the duty of plaintiff (appellant) if it were successful in finding a purchaser.

Having procured a purchaser, who entered into a binding contract with defendant for the purchase of defendant's property, the defendant accepted such purchaser as able to purchase, and plaintiff, under the pronouncement of the Supreme Court of Ohio in **Carey, Admr. v Conn, 107 Oh St 113,** syllabus 1, was as a matter of law, in the absence of a showing of fraud, which was not here shown, entitled to receive its commission. See also **The J. A. Wigmore Co. v Chapman, 113 Oh St 682.**

The trial court erred in refusing to sustain plaintiff's motion for a directed verdict in its favor, which motion was made at the conclusion of all the evidence.

The judgment of the trial court is reversed; and, there being no factual dispute, this court, proceeding to render the judgment which the trial court should have entered, orders that the plaintiff recover from defendant the amount prayed for in the petition, and that defendant's cross-petition be dismissed, at her costs.

WASHBURN, PJ. & DOYLE, J., concur.