LAMB, APPELLEE, *v.* BEARMAN ET AL., APPELLEES;
DUTRO, D. B. A. DUTRO REALTY CO., APPELLANT.

(No. 7748—Decided October 26, 1953.)

*Mr. Charles H. Tobias, Jr.,* and *Messrs. Steer, Strauss & Adair,* for plaintiff-appellee.

*Mr. Ewing O. Cossaboom* and *Messrs. Dickerson, Hermerding & Ahrens,* for appellant.

*Mr. Frank J. Longano,* for defendants-appellees.

Ross, J.   The parties herein involved are (1) Henry W. Lamb, plaintiff-appellee, a contractual purchaser of certain real estate, (2) Gilbert R. Dutro, defendant-appellant, a real estate broker, who was instrumental in securing a contract of sale between his principal, the seller, and the plaintiff-appellee, the purchaser,

(3) Albert and Eleanor Bearman, defendants-appellees, the sellers, and (4) the American State Insurance Company, defendant-appellee and bonding company for the agent Dutro, which company was dismissed from the action, and which is not involved in the appeal here considered.

From the various pleadings filed and the evidence it appears that the purchaser sued to recover a down payment given to the agent. This money was held by the broker in a fiduciary capacity, and upon direction of the sellers should have been returned by the broker to the purchaser upon his demand therefor. *Phillip Metropolitan M. E. Church* v. *Wahn-Evans Co.*, 153 Ohio St., 335, 91 N. E. (2d), 686, 17 A. L. R. (2d), 1007. The judgment of the trial court was in accordance with such law, and the judgment in that respect is affirmed.

The broker, by a cross-petition, sought to recover his commission covered by a written contract with the sellers, claiming that he had performed such contract in securing a contractual purchaser for the real estate involved. The trial court rendered judgment in favor of the sellers and against the broker on this claim. The broker filed a motion for an instructed verdict at the close of the evidence and for judgment notwithstanding the verdict against him.

A motion for a new trial was filed by the broker, which was overruled, and from which the appeal on questions of law here considered was taken.

The broker has appealed also from the judgment against him. That judgment, in effect, journalized the adverse action of the court on the broker's motion for an instructed verdict. There is no appeal by the broker from the adverse action of the court on the motion for judgment *non obstante veredicto*.

By the appeal from the judgment and motion for new trial, these questions are presented to this court:

(1) Was the broker entitled to judgment as a matter of law on the petition of the plaintiff? The answer to this question is "no," for the reasons heretofore given. (2) Is the broker entitled to a new trial upon the petition of the plaintiff? The answer to this question is also in the negative, for the reasons heretofore given. (3) Was the broker entitled to judgment as a matter of law on his cross-petition against the sellers? And (4) was the broker entitled to a new trial on his motion therefor against the sellers?

An examination of the record leaves no doubt that there is no substantial evidence upon which reasonable minds could disagree, showing that the broker is not entitled to his commission under his contract with the seller. He produced a buyer who contracted to purchase the real estate, and the seller, by signing the contract of sale, accepted the buyer as financially responsible to carry out his contract. This gave the broker a right to his commission, the amount of which is not in dispute. *Carey, Admr.,* v. *Conn,* 107 Ohio St., 113, 140 N. E., 643. No valid defense against this right was sustained by any substantial evidence.

Reasonable minds could not disagree upon the inferences to be drawn from the evidence or lack thereof.

The broker was entitled to an instructed verdict in his favor, and the adverse action of the court constituting a final order (*Hurt* v. *Charles J. Rogers Transportation Co.,* 160 Ohio St., 70, 113 N. E. [2d], 489) having been journalized in the final judgment, from which an appeal was taken by the broker, gives this court the right, on appeal, to render the judgment which the trial court should have rendered in favor of the broker on his motion for an instructed verdict. The fact that the movant has also filed a motion for new trial does not deprive such movant of the right to have the Court of Appeals grant him final judgment on

his appeal from action of the trial court on his motion for an instructed verdict if he is entitled thereto. *Michigan-Ohio-Indiana Coal Assn.* v. *Nigh, Admx.,* 131 Ohio St., 405, 3 N. E. (2d), 355; *Hurt* v. *Charles J. Rogers Transportation Co., supra,* at page 74.

The third question raised by the motion of the broker for new trial requires no consideration. *Hurt* v. *Charles J. Rogers Transportation Co., supra,* at page 76. If such consideration were required by the appeal duly filed herein, a new trial would be ordered by the court on the broker's cross-petition against the sellers.

Such being the case, the judgment of the trial court is affirmed as to the appeal upon the petition of the plaintiff, and final judgment rendered in favor of the broker against the sellers upon his cross-petition against them.

*Judgment accordingly.*

MATTHEWS, P. J., and HILDEBRANT, J., concur.