**MATES, Plaintiff-Appellant, v. SPITZIG, d. b. a. SPITZIG REALTY CO. et, Defendant-Appellant, SCHEEFF et, Defendants-Appellees.**

No. 23153. Decided November 17, 1954.

Ohio Appeals, Eighth District, Cuyahoga County.

Ganger & Ganger, Cleveland, for plaintiff-appellant.
Vincent C. Fornes, Cleveland, for defendant-appellant.
George E. Rich, Cleveland, for defendants-appellees.

(DOYLE, PJ, STEVENS, J, HUNSICKER, J, of Ninth District, sitting by designation in Eighth District.)

## OPINION

By STEVENS, J:

By his second amended petition filed in the Court of Common Pleas, plaintiff alleged:

That on November 1, 1950, he entered into a written contract with Gene and Beatrice Scheeff, as owners of certain property, whereby plaintiff agreed to buy and said defendants agreed to sell, said property for $30,000.00.

That the contract was negotiated by defendant, Joseph A. Spitzig Company a licensed real estate broker, as agent for the defendants, Scheeff.

That in pursuance of said contract plaintiff paid to the Spitzig Company as agent for Scheeff, the sum of $1000.00 as a down payment.

That said contract stated that sales in an average weekly amount had been made during the years 1948, 1949 and 1950. which statements as to average sales were material and untrue, and were relied upon by plaintiff

That plaintiff informed defendants, Scheeff, of the falsity of said representations and demanded the return of his money.

That defendants Scheeff agreed with plaintiff to cancel said contract of sale and purchase, but that said defendants have refused to return to him said sum of $1000.00.

Plaintiff accordingly asked judgment against defendants Scheeff and Spitzig Company for $1000.00, interest and costs.

To that petition, Joseph A. Spitzig, d. b. a. Spitzig Realty Company, answered, admitting: that he was a licensed real estate broker; that the Scheeffs employed the Spitzig Realty Company as a broker to procure a purchaser for Scheeff's property; that the Spitzig Company entered into negotiations with plaintiff at a time prior to November 1, 1950, to sell the said property to plaintiff; that on November 1, 1950, plaintiff and defendants, Scheeff, entered into a written agreement for the purchase and sale of said property; that said contract was executed by reason of the efforts of the Spitzig Company; that plaintiff paid to defendants Scheeff, $1000.00 as a down payment under said purchase agreement, by delivering said sum to the defendant Spitzig Company; that plaintiff demanded the return of said money; and that defendant Spitzig Company refused to return the money to plaintiff. The Spitzig Company then denied generally the other allegations of plaintiff's petition.

By way of cross-petition, against defendants Scheeff, the Spitzig Company alleged: that it was a licensed real estate broker and agent; that defendants, Scheeff, employed the Spitzig Company as agent and

broker to sell their property and business located at 1380 Sloan Avenue, Lakewood, Ohio; that said defendants agreed to pay the Spitzig Company ten percent (10%) of the sale price thereof for its services; that on or about November 1, 1950, the Spitzig Company found plaintiff, Joseph F. Mates, as a purchaser, who, on said day. entered into a written contract with Scheeffs for the purchase of said premises, at a price of $30,000.00; that the commission upon the sale was $3000.00; and that Scheeffs have paid to the Spitzig Company the sum of $1000.00, but have failed and refused to pay the balance of $2000.00 although demand therefor has been duly made.

The cross-petitioning defendant then prayed that the petition of plaintiff be dismissed, and that the Spitzig Realty Company recover a judgment against Gene and Beatrice Scheeff for $2000.00, interest and costs.

For answer to plaintiff's second amended petition, the defendants, Gene and Beatrice Scheeff, denied generally the allegations of the petition, and also denied generally the allegations of Spitzig Company's cross-petition.

Upon trial, plaintiff's evidence, by exhibits, established the execution of the contract of employment between Scheeffs and The Spitzig Realty Company and also the purchase and sale agreement between Mates and the Scheeffs. Also established was the relationship of principal and agent between the Scheeffs and The Spitzig Realty Company.

The evidence shows that Mates paid $1000.00 as a down payment on the purchase price of the property to Spitzig Company as agent for Scheeffs. It further appears that, because of material misstatements in the purchase and sale agreement, which were relied upon by Mates, the purchase and sale agreement was claimed to be terminated by agreement of the parties thereto, in which agreement Spitzig Company did not participate, and that Mates has been unable to recover the $1000.00 paid by him.

That the contract between Mates and the Scheeffs was negotiated by the Spitzig Realty Company is not denied. The rule of law relative to the liability for commission to a real estate broker or agent is stated in **Carey v. Conn, 107 Oh St 113,** as follows:

"1. Where a real estate agent or broker makes a contract with the owner of property 'to find a buyer for his real estate at a commission of two percent for his services.' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud. is entitled to his commission for his services."

In the instant case, no claim of fraud is made concerning Spitzig Company's services and, in the absence of such claim Spitzig, under the evidence here adduced, would be entitled to recover commission as stipulated in the contract.

If the rescission of the purchase and sale contract between Mates and Scheeffs was by agreement, then Mates was entitled to a return of the $1000.00 paid to Scheeff's agent.

**8 O. Jur. 2d, Sec. 35, Cancellation of Instruments.**

Upon submission of the case to the jury, a verdict for defendants Scheeff was returned on both the petition of plaintiff and the cross-petition of Spitzig Company, the latter company however having been dismissed as a party defendant in Mates' action for recovery of the down payment. Judgment was entered upon the verdict of the jury and an appeal on ques-

tions of law by plaintiff, being No. 23153 and an appeal on questions of law by defendant Spitzig Realty Company, being No. 23154, ensued.

During the pendency of the appeals, Joseph A. Spitzig died and Mary L. Spitzig. as his executrix, was substituted for him. Thereafter, the two appeals were consolidated under No. 23153 and as thus consolidated have been argued and submitted by the parties.

The judgment under review is reversed for the following prejudicial errors:

1. The judgment is manifestly against the weight of the evidence.

2. Refusal of the trial court to give cross-petitioner Spitzig Company's written requests to charge before argument. Nos. 2 and 3.

3. Failure to direct a verdict for Spitzig Company against Scheeffs, upon motion therefor.

4. Refusal to permit counsel for Spitzig Company to make a closing argument to the jury.

5. Charging the jury that Spitzig Company was entitled to recover against Scheeffs "unless something else occurred." The record, as a matter of law. does not disclose the occurrence of anything else, which could have absolved Scheeffs from liability to the Spitzig Co.

6. Charging the jury: "If you find by a preponderance of all the evidence that the contract between the parties was thereupon by the parties cancelled. then your verdict would be for the **defendants.**" (Emphasis ours.)

That charge was the converse of what should have been said with reference to the right of Mates to recover from Scheeffs. If the parties mutually cancelled the purchase and sale agreement, then the amount paid by Mates to Scheeff or to their agent, should have been refunded to Mates.

As between Spitzig Company and Scheeffs, there is nothing appearing in this record which even hints at a mutual cancellation of their contract.

7. Failing to provide the jury with sufficient forms of verdict to cover the different verdicts possible under the evidence.

Three forms of verdict were given to the jury:

1. In favor of Scheeffs against plaintiff and cross-petitioner Spitzig Company.

2. In favor of plaintiff, Mates, against Scheeffs for $1000.00.

3. In favor of Spitzig Company against Scheeffs for $2000.00.

No form of verdict was given the jury, whereby it could return a verdict in favor of plaintiff, Mates. against Scheeffs, and in favor of Scheeffs against Spitzig Company, nor was a form furnished to permit return of a verdict in favor of Spitzig Company against Scheeffs, and in favor of Scheeffs against Mates.

Such failure constituted prejudicial error.

**Hoge v Soissons, 48 Oh Ap 221.**

It is our conclusion that, as a matter of law, Joseph A. Spitzig, d. b. a Spitzig Realty Company, was entitled to recover $2000.00 from defendants, Gene Scheeff and Beatrice Scheeff as commission for real estate services rendered. The judgment in favor of Scheeffs against Spitzig Company is reversed. and this court will enter the judgment therefor which the trial court should have entered, to-wit: Judgment for Spitzig Realty Company against Gene and Beatrice Scheeff for $2000.00 and interest.

As to the claim of the plaintiff, Mates, the evidence is sufficiently in

conflict to require submission of that claim to the jury, under proper instructions.

Accordingly, the judgment in favor of defendants Gene and Beatrice Scheeff upon the claim of plaintiff, Mates, is reversed because contrary to law and manifestly against the weight of the evidence, and the cause is remanded to the Court of Common Pleas for further proceedings according to law. upon that claim.

All at the costs of defendants, Scheeff. Exc. O. S. J.

DOYLE. PJ, HUNSICKER, J, concur.