**BLIZZARD** et, Plaintiffs-Appellants, v. **NORTON**, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 5121. Decided March 2, 1955.

Lewis F. Byers, Columbus, for plaintiffs-appellants.
Olin L. Parrett, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Municipal Court of Columbus, Ohio, rendered in favor of the defendant-appellee.

The action was instituted by the plaintiffs who were licensed real estate brokers seeking to recover a commission for the sale of the defendants place of business. The part of the answer pertinent to the issues presented is a denial "that the plaintiffs found a purchaser ready, willing and able to pay $14,500.00 for his establishment and specifically denies that a meeting of the minds was ever had on the sale of his place of business to any prospective buyer of the plaintiffs.

The plaintiffs offered the purchase agreement in evidence, but offered no testimony to establish the fact that the alleged purchaser was ready, willing and able to consummate the transaction.

A request for a separate finding of facts and conclusions of law was seasonably made, in which the Court found that the contract of sale had been duly signed by the parties thereto, but that the purchaser signed the day following the one on which the defendant signed and that the defendant never knew who the purchasers were; that a commission of $1000.00 was agreed upon and the same was deposited by the purchasers; that on the day following the acceptance of the contract by the purchasers the defendant informed the plaintiffs that he had changed his mind and would not sell the business.

The concluding fact found by the Court is as follows:

"There was never a meeting of the minds of Albert Norton and the Daughertys to establish the acceptance of the latter as purchasers by Norton."

This is not a factual finding but is a conclusion of law which is not warranted by the evidence. There was a meeting of the minds when the contract was signed by the purchaser and the seller regardless of whether or not the seller had personal knowledge as to the identity of the purchasers. If he were interested in this fact the information should have been obtained prior to his signing the agreement.

The Court also erred in the following legal conclusion:

"The plaintiffs must fail in this case because of lack of proof that they had produced in Zella and Herbert Daugherty purchasers who were able to pay the cash price of $14,500.00."

This Court passed upon the identical question presented here in the case of **Lohr v. Ford, 94 Oh Ap 17**, wherein we held that when the broker has procured an enforceable contract between the buyer and seller he is entitled to his commission and he is not required to prove that the buyer was ready, willing and able to consummate the transaction before a recovery may be had.

The judgment will be reversed and cause remanded with instructions that judgment be rendered for the plaintiffs in accordance with the prayer of the petition.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.