A. A. REALTY CO., APPELLANT, *v.* WARNER & ALBRIGHT TOWN & COUNTRY, INC., ET AL., APPELLEES.*

---

*Motion to certify the record overruled (37278), December 6, 1961.

(No. 1119—Decided July 8, 1961.)

*Messrs. Strelitz, Halberstein & Mitchell*, for appellant.
*Mr. Frank Wiedemann* and *Messrs. Mickley, Frericks & Howard*, for appellees.

GUERNSEY, P. J. This is an appeal on questions of law from a judgment of the trial court in favor of all the defendants entered on a verdict directed pursuant to motions made by defendants and plaintiff at the close of the plaintiff's evidence. Plaintiff, appellant herein, a real estate broker, brought action against defendant Warner & Albright Town & Country, Inc., and against defendants Robert L. Warner and Warren Eddie Albright, majority shareholders in said corporation, for a commission claimed due and payable for services rendered in obtaining a purchaser for the sale of a supermarket business.

Plaintiff's claim is based on a contract of employment which, in pertinent part, reads as follows:

"In consideration of the promise of the undersigned owners to list for sale the following described business and chattels and the agreement and promise of the A. A. Realty Co., to use his [*sic*] efforts to find a purchaser for said business, the owners hereby grant the exclusive right for two months from date hereof, to sell Warner & Albright Town & Country Inc. d. b. a. as Town & Country I. G. A. Foodliner—Marion, Ohio, for the sum of $215,000 including all fixtures and $9,600 cash bank balance and $40,000 stock inventory guaranteed at wholesale cost. All inventory over $40,000 to be added to sale price payable cash or upon any other price, terms or exchange to which owners consent and agree.

"If said business or chattels, or both, is sold before the expiration of this agreement by owner or any other person, or if it be sold within 36 months after such expiration to any person with whom A. A. Realty Co., have had contact or negotiations, owners agree to pay the A. A. Realty Co. a commission on the above price when sold. Minimum commission on this sale $25,000.

"* * *

"In the event of sale, the undersigned will execute and deliver to purchaser a bill of sale for all chattels and affidavit in compliance with the Bulk Sales Act of Ohio together with all other legal instruments required by law to give buyer good title to above.

"Seller further represents there are no encumbrances against said business except as follows: Approx. $88,000 to be paid off in full out of above selling price which is to be deducted from the sales price, to be paid by the buyer at the time of sale. Seller further represents that he has a bona-fide lease of said building for the term of 15 yrs. expiring January 1973, at a rental of $900 plus monthly.

"Marion, Ohio, 4/3/59      Owners Warner-Albright Town
"Accepted: A. A. Realty Co.      & Country, inc.
"By: /s/ H. C. Swartz      By /s/ Robert L. Warner
                                        (Pres.)
                       By /s/ Warren Eddie Albright
                                    (Treas.)"

On the reverse of the contract appears the following:

"Commission on this deal to be $25,000 for services regardless of final selling price.

                  "/s/ Robert L. Warner
                  /s/ Warren Eddie Albright"

As a result of the efforts of H. C. Swartz, an employee of appellant, a contract was executed on May 29, 1959, by and between one Merle Wise, as purchaser, and Warner and Albright Town & Country, Inc., as seller, whereby Wise agreed to buy and the corporation agreed to sell all the assets of the corporation, including the lease on the real estate on which its business was conducted. The following provision appeared in this contract of sale:

"6. This agreement is subject to the seller procuring from

the landlord and owner of the real estate on which said business and storeroom are located, a written consent to an assignment by the seller to the buyer of the present lease covering same, said lease being dated April 29, 1958, and being for a term of fifteen (15) years from said date to April 29, 1973, all according to the terms and tenor of said lease between said Marion Lincoln-Mercury Holding Company and Warner and Albright Town & Country, Inc. * * *.''

It is undisputed that the lease contained a clause forbidding its assignment by the lessee without the consent of the lessor; that the lessor has not consented to an assignment of the lease to Wise, but on the contrary on June 5, 1959, gave the seller corporation written notice that notwithstanding the agreement of sale of May 29, 1959, the lessor ''does not consent to an assignment of the present lease''; and that at the time of trial without fault of the seller the contract of sale had not been performed.

Following the sustaining of defendants' motions for a directed verdict, plaintiff did not make any reservation of nor request any right to have the matter submitted to a jury but merely took the usual exceptions to the judgment.

Plaintiff assigns error in five particulars, the first four which, it states and argues, ''pertain to the one basic error of the trial court in holding, as a matter of law, that the appellant was not entitled to recover a commission,'' and the fifth assignment relating to the refusal of the trial court to admit certain evidence offered by appellant.

It cannot be determined definitely from the judgment or from the bill of exceptions whether the trial court concluded, without weighing the evidence, that the defendants were entitled to judgment ''as a matter of law'' or whether it weighed the evidence and applied the law to the facts as it found them. Subject to certain exceptions, when both plaintiff and defendants move for a directed verdict at the close of plaintiff's case the court is clothed with the functions of a jury and may weigh the evidence. 4 Ohio Jurisprudence (2d), 435, Appellate Review, Section 1095. See, also, *City of Canton* v. *Pryke*, 5 Ohio App., 364, and *McDonough* v. *Community Traction Co.*, 59 Ohio App., 92. For the purposes of this case, however, we do not think that it is material whether or not the trial court may have con-

sidered that it had a right to, or did, weigh the evidence, for the evidence as to essential facts is undisputed.

The employment contract providing for the payment of commission is for sale of the assets of a corporation and not for sale of its shares of stock. It was signed by and for the corporation and not by and for individual shareholders. There is no theory upon which the individual shareholders might have been held liable under the provisions of the contract, whether or not they or Wise may have expressed a willingness to sell or buy shares of stock, nor was there ever any contract concluded substituting a sale of shares for a sale of corporate assets.

To collect a commission it was incumbent upon plaintiff to prove that it had performed the services required by the employment contract. Defendants contend that no commission was due and payable until a sale was consummated by delivery of the assets and payment of the purchase price. This event having never occurred, plaintiff seeks to prevail on the theory that as to it the sale was complete when a contract for sale had been executed by and between the defendant corporation and Wise, or, in the alternative, that plaintiff's services under the employment contract had been fully performed when it had procured a ready, willing and able buyer.

Can the plaintiff succeed on either of these theories? At least since the case of *Carey, Admr.,* v. *Conn,* 107 Ohio St., 113, it has been the law of Ohio that:

"Where a real estate agent or broker makes a contract with the owner of property 'to find a buyer for his real estate at a commission of two per cent. for his services,' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services."

It is implicit in this rule, and either implied or expressed in other cases where this rule has been applied, that the contract of sale must be an *enforceable* contract. See *Rosenthal* v. *City Savings & Loan Co.,* 31 Ohio Law Abs., 236; *Scudder* v. *Wallace,* 79 Ohio App., 48; *Lohr* v. *Ford,* 94 Ohio App., 17; *Lamb* v. *Bearman,* 97 Ohio App., 273; *Blizzard* v. *Norton,* 71 Ohio Law Abs., 272; and *Retterer* v. *Bender,* 106 Ohio App., 369. See, also, *Pfanz* v. *Humburg,* 82 Ohio St., 1, wherein the Supreme Court

favorably cited the following from *Wilson* v. *Mason*, 158 Ill., 304:

" 'The true rule is that a broker is entitled to his commission, if the purchaser presented by him and the vendor, his employer, enter into a valid, binding and enforceable contract. * * * An agreement by a real estate broker to procure a purchaser, not only implies that the purchaser shall be one able to comply, but that the seller and purchaser must be bound to each other in a valid contract. So, where the agreement of the real estate broker is to make a sale, his commission is earned when a contract is entered into, which is mutually obligatory upon the vendor and vendee, even though the vendee afterwards refuses to execute his part of the contract of sale or purchase. An oral agreement upon the part of the purchaser of land would not be a valid agreement; and if he refuse to complete the sale of land after such oral agreement, without fault upon the part of the seller, the obligation of the broker would not be fulfilled, and he could not recover his commissions.' "

The contract of May 29, 1959, was subject to a condition, hereinbefore quoted. Wise, the purchaser, did not intend to be bound and was not bound unless the seller procured from the landlord a consent to assign the lease. This was a condition precedent to Wise's liability on the contract and the contract was not enforceable against him until such condition had been fulfilled or waived. We conclude that a broker who would otherwise be entitled to his commission under the rule of *Carey, Admr.,* v. *Conn, supra,* cannot obtain the protection of such rule when the contract of sale is for the protection of the purchaser subject to a condition precedent and without fault of the seller the condition precedent has not been fulfilled or waived. See 12 Corpus Juris Secundum, 198, Brokers, Section 86 c.

There not being an enforceable contract of sale, plaintiff can not establish its claim that it was entitled to a commission by reason of the execution of a contract of sale. Nor can it successfully claim fulfillment of its performance under the employment contract on the theory of having procured a ready, willing and able buyer. Wise was ready and willing to buy the assets of the corporation only if the landlord first consented to the assignment of the lease. In the absence of such consent Wise was neither ready nor willing. The fact that he may have been ready and willing to purchase shares of stock instead of

corporate assets cannot alter plaintiff's position, for in the absence of a binding contract of purchase and sale of shares, his readiness and ability to buy must be tested by the terms of sale set forth in the commission contract which were confined to a sale of assets of the corporation and not to a sale of shares of stock. It should be again observed that the employment contract was with the seller corporation, and it neither had title to nor could it sell the stock held by individual shareholders.

There being no theory upon which plaintiff was entitled to recover a commission under the terms of the contract by which it was employed, we conclude that the trial court did not commit prejudicial error in its judgment "that the plaintiff was not entitled to recover a commission."

As to the assignment of error with reference to the exclusion of evidence offered by plaintiff, we have carefully examined the bill of exceptions, including the stipulations as to the issues on which the cause was tried. We find that the evidence excluded was incompetent, and cannot find that the trial court committed prejudicial error in this respect.

Finding no prejudicial error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

MIDDLETON and YOUNGER, JJ., concur.