BALLARD, APPELLANT, *v.* THOMPSON, APPELLEE.

(No. 9634—Decided June 7, 1965.)

*Messrs. Goodman & Goodman,* for appellant.
*Messrs. Bloom, Greene, Thurman & Uible* and *Messrs. Weinberger, Grad & Wolf,* for appellee.

HUNSICKER, J. An appeal on questions of law has been lodged in this court from a judgment awarded in the Common Pleas Court of Hamilton County upon the unanimous verdict of a jury to the defendant, Madge C. Thompson, appellee herein.

The plaintiff, Irma L. Ballard, appellant herein, alleged in her petition that she was a duly licensed real estate broker in the city of Cincinnati, Ohio, with whom the defendant, Madge C. Thompson, listed her real property for sale. Mrs. Ballard also alleged that she secured parties who would purchase the property; and that a contract for such purpose was executed by the prospective purchasers, which contract was accepted and signed by Mrs. Thompson. Mrs. Ballard claimed that she was the procuring cause of this contract of purchase, and that the purchasers, and Mrs. Thompson, later executed such contract.

Mrs. Ballard further said she performed all the conditions of her employment, and thus was entitled to her real estate broker's commission of $6,000, plus interest from thirty days after the execution of the contract of purchase.

By way of answer, Mrs. Thompson admitted she requested Mrs. Ballard to procure a purchaser for her property; admitted the execution of the contract to sell her property to the purchasers produced by Mrs. Ballard; and admitted the agreement to pay Mrs. Ballard a commission for her services.

Mrs. Thompson claimed the purported contract of purchase was cancelled.

She further alleged that Mrs. Ballard sold to the parties who agreed to buy her land, other land, including land belonging to Mrs. Ballard, and that, as a result, the persons who agreed to purchase her land could not promptly carry out their contract.

Mrs. Thompson further said that Mrs. Ballard converted a down-payment to her own use, and later satisfied the prospective purchasers by giving them land in return for the down-payment; made changes in the contract of purchase, which, due to its indefiniteness, was not a binding contract of purchase and sale; and agreed to the cancellation of the contract.

At the conclusion of the testimony, a cross-petition filed along with the answer was withdrawn.

A reply was filed by Mrs. Ballard, denying the claims set out by Mrs. Thompson, except such as were admitted in the answer.

On these pleadings, the case proceeded to trial, resulting in the verdict and judgment for Mrs. Thompson.

The appellant, Irma L. Ballard, assigns the following errors:

1. "The trial court erred in overruling plaintiff's demurrer to the second amended cross-petition, in overruling plaintiff's motion to dismiss said second amended cross-petition after opening statements, and in permitting defendant to offer testimony in support of said second amended cross-petition."

2. "The trial court erred in permitting the introduction into evidence of defendant's Exhibits Nos. 19, 20, and 23, the same purportedly being copies of contracts for the purchase of other properties by the prospective purchasers of defendant's property from other sellers."

3. "The court erred in submitting defendant's special charges Nos. 2, 3, and 5."

4. "The trial court erred in refusing to submit plaintiff's special charge."

5. "The trial court erred in submitting the following issues of fact for determination by the jury:

"(a) Plaintiff's capacity as a real estate broker.

"(b) Whether the prospective purchasers were ready, willing, and able to complete the proposed transaction.

"(c) Whether the agreement of purchase was legally sufficient and valid.

"(d) Whether plaintiff had communicated to the defendant all the material information and conditions in her knowledge concerning the ability of the prospective purchasers to purchase the property.

"(e) Whether the plaintiff had participated in the cancellation of the contract."

6. "The trial court erred in overruling plaintiff's motion for new trial."

7. "The trial court erred in overruling plaintiff's motion for judgment notwithstanding verdict."

There were no interrogatories submitted to the jury, and hence we cannot be certain upon which, of the many issues, there may have been a determination adverse to the plaintiff. However, we shall pass upon all the claimed errors, although we may make only a general finding on such claims.

By the terms of the contract, the transaction was to have been completed within thirty days from October 23, 1959; however, Mrs. Thompson was given six months within which to vacate the premises. Later, the prospective purchasers were given an extension of time, to wit, until December 30, 1959, to fulfill their obligation under the contract of purchase. Mrs. Thompson made an effort to get the purchasers to complete their contract of purchase, and finally, on June 29, 1961, she did secure a release of the contract from them, which release she, also, accepted. (Her husband, Dr. Thompson, died between the date of the contract of purchase and the date of the release.) Later, she sold her real property to another party.

Mrs. Thompson claimed that although Mrs. Ballard did not sign the release, she consented orally to the release. The trial judge properly submitted this claim to the jury.

There was submitted to the jury the question whether Mrs. Ballard was a real estate broker who could comply with the terms of Section 4735.21, Revised Code. The trial judge was not in error in submitting that question to the jury.

The trial judge was presented a request, by counsel for Mrs. Ballard, to give an instruction before oral argument, which request was refused. There was no error in denying such request. Our reasons for such determination are set forth hereafter.

At the request of counsel for Mrs. Thompson, the trial judge gave several special instructions to the jury before oral argument, which special charges concerned the subject of "procuring cause" of the sale of the Thompsons' real property. We do not deem it necessary, in this lengthy opinion, to set out verbatim the charges as given. We will, however, set out the law as it applies to a case with facts such as we find herein.

The case of *Carey, Admr.,* v. *Conn,* 107 Ohio St. 113, says:

"1. Where a real estate agent or broker makes a contract with the owner of property 'to find a buyer for his real estate at a commission of two per cent. for his services,' and pursuant thereto performs such services by producing the buyer, and the owner enters into a written contract of sale with such buyer, the real estate agent or broker, in the absence of fraud, is entitled to his commission for his services."

That case has been followed in all other cases coming to our knowledge where the owner enters into a written contract of sale with the buyer. We do not have before us the situations which arose in the cases of *Bauman* v. *Worley,* 166 Ohio St. 471; and *Mars* v. *Miclau,* 168 Ohio St. 144.

In the case of *Mates* v. *Spitzig,* 70 Ohio Law Abs. 113, two of the members of this panel of judges, while sitting by designation in the Eighth Appellate District, determined that a real estate broker, who, under a valid contract with the vendor of real estate, procured a purchaser for the vendor's real estate, was, in the absence of any claim of fraud on the part of the broker, entitled to his commission on such sale, even though the contract between the vendor and the purchaser was voluntarily terminated.

In the case of *Retterer* v. *Bender,* 106 Ohio App. 369, the court said:

"1. Where a real estate broker makes a contract with the

owner to find a purchaser for his real estate and pursuant thereto performs such services by producing a purchaser, and thereafter the owner enters into a written contract of sale with such purchaser, the broker, in the absence of fraud, is entitled to a commission for his services.

''2. In such case, the broker is not required to prove that the buyer was ready, willing and able to consummate the transaction, nor is it a defense that the transaction was never consummated.''

The contract of purchase must be a valid, enforceable contract, and if the written contract signed by the parties is not a valid obligation on the part of the vendor and vendee, then the broker cannot recover the commission, which, in the absence of fraud, would otherwise be earned when the vendor accepts, in writing, the prospect produced by the real estate broker as the purchaser. See: *A. A. Realty Co.* v. *Warner & Albright Town & Country, Inc.*, 115 Ohio App. 545; and *M. L. Freeman Co.* v. *Hanna*, 34 Ohio Law Abs. 629.

The trial court committed error prejudicial to the substantial rights of the plaintiff when it instructed on the subject of ''procuring cause'' in this case.

We have examined all the other claims of error and find none prejudicial.

However, there is considerable conflict in the evidence, which necessitates a remand of this case to the trial court for a new trial.

We determine, therefore, that the judgment herein, for the reasons above stated, must be reversed, and the cause remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and BRENNEMAN, J., concur.

DOYLE, P. J., BRENNEMAN and HUNSICKER, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.