HENDRY, Judge.
Defendant appeals a summary final judgment in favor of plaintiff entered in an action on a retain title contract under which defendant is alleged to be personally liable for the purchase price of a certain motor vehicle.
The facts giving rise to this law suit may "be summarized as follows: On September 10, 1962 the contract in question was executed. The named parties are Sullivan County Corp., buyer, and J. D. Ball Ford, Inc., seller. The contract recites that it is assignable. In the space provided for the buyer’s signature is typed the name Sullivan County Corp., followed by the word '“by” and the signature of David R. Moldan. 'On the next succeeding line, under which is typed the word "Title”, the signature David R. Moldan appears again. Immediately to the left of the two spaces wherein the signatures appear, are two pen written “x” marks.
After the Sullivan County Corp. had •defaulted, plaintiff, assignee took possession of the motor vehicle and later brought this action against defendant seeking damages for breach of contract. Defendant’s motion to dismiss was denied whereupon he filed an answer generally denying plaintiff’s allegations. The case came on to be heard on plaintiff’s motion for summary judgment after which the trial court entered its order reciting that:
“The court finds that there is no genuine issue as to any material fact and the Plaintiff is entitled to Summary Final Judgment as a matter of law.”
We disagree. We find the contract is sufficiently ambiguous so as to authorize use of extrinsic evidence to determine the intention of the parties to bind defendant personally.
“If the fact of agency appears in an integrated contract, not sealed or negotiable, and there is no unambiguous expression of an intention either to make the agent a party thereto or not to make him a party thereto extrinsic evidence can be introduced to show the intention of the parties.” [1]
As to when an ambiguity as to parties exists:
“The statement as to parties may appear either in the body of the instrument or in the signature; an ambiguity may exist because of a contradictory, defective, or partial expression in either.' Whether or not the statement is unambiguous as to parties depends upon the interpretation of the writing * * * considered as a whole. This is a question for the judge.” [2]
Appellee contends that the case of Betz v. Bank of Miami Beach,[3] is controlling and requires affirmance. We find the Betz case readily distinguishable as that action was brought on promissory notes which *782 recited joint and several obligations assumed by the signers.[4]
We consider the contract under review not unambiguous as to parties, and, after having examined the evidence contained in the file find that a genuine issue as to the intent to make defendant agent a party, and accordingly reverse and remand for further proceeding consistent herewith.
Reversed and remanded.

. Restatement (Second) Agency § 323(2) (1957).

. id. Comment a.

. Fla.1957, 95 So.2d 891.

. ibid; see Annot., 33 A.L.R. 1353 et seq., as supplemented by 51 A.L.R. 319 et seq. for other eases dealing with similar situations.