210 So.2d 761 (1968)
DELTA AIR LINES, INC., a Louisiana Corporation, Appellant,
v.
Claude WILSON, Jr., Appellee.
No. 67-643.
District Court of Appeal of Florida. Third District.
May 21, 1968.
*762 McDonald & McDonald and Thomas L. Ford, Miami, for appellant.
Hendricks & Hendricks, Miami, for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
Delta Air Lines, the plaintiff in the trial court, brings this appeal from a final judgment dismissing its second amended complaint with prejudice for failure to state a cause of action.
A Universal Air Travel Plan Subscriber's Contract and a Request For Air Travel Cards are part of the record on appeal. The contract was signed "The First Management Company, Inc. By Katherine Vallas Corporate Secretary" and "By Claude Wilson Jr. Personal." The name "The First Management Company, Inc." appears upon a line labelled "Subscriber." The name "Katherine Vallas" appears on a line provided for the signature of a corporate agent. The words "By Claude Wilson Jr. Personal" appear on a line provided for the street number mailing address of subscriber. Wilson's signature is preceded by the handwritten word "By" and followed by the typewritten word "Personal." The Request For Air Travel Cards is signed "By Katherine Vallas * * * Corp. Sec." and "By Claude Wilson Jr." The word "Personal" does not follow Wilson's signature. The contract states that the parties to the agreement are The First Management Company, Inc., and Delta Airlines, Inc.
Delta advances three theories under which it seeks to hold Wilson personally liable for air fares furnished pursuant to the contract.
The first theory is that the typewritten word "Personal" following Wilson's signature shows that he intended to guarantee payment of the contract. We hold that the Statute of Frauds precludes proof of such intent. Eckman v. Brash, 20 Fla. 763, 772 (1884). Cf. Swisher v. Conrad, 76 Fla. *763 644, 80 So. 564 (1919); Katcher v. Sans Souci Company, Fla.App. 1967, 200 So.2d 826.
Appellant's second theory is that Wilson was individually liable because he was a party to the contract. It has been established that the signature of a corporate officer placed under the name of the corporation and preceded by the word "By" does not create personal liability. A.A. Realty Co. v. Warner & Albright Town & Country, 115 Ohio App. 545, 186 N.E.2d 137 (1961); Anderson v. Davis, 34 Tenn. App. 116, 234 S.W.2d 368 (1950). Cf. Betz v. Bank of Miami Beach, Fla. 1957, 95 So.2d 891 (wherein an officer of a corporation was held personally liable upon a negotiable instrument despite the fact that the corporation's name was typed above the officer's signature  the court noted that no preposition preceded the defendant's signature).
The parties to the contract are clearly set out in the body of the contract. The appellee is not named as a party; his name is preceded by the word "By" under the corporate name. The typewritten word "Personal" following the appellee's signature on the contract does not in our opinion create a sufficient ambiguity to negate the plain effect of the word "By" preceding the appellee's signature and following the corporate name.
In Moldan v. First National Bank of Miami, Fla.App. 1965, 174 So.2d 780, this court held a contract for the purchase of a motor vehicle to be ambiguous. The contract named J.D. Ball, Inc., as seller, and Sullivan County Corp. as buyer. In the space provided for the buyer's signature, the name Sullivan County Corp. was typed, followed by the word "by" and the signature of David R. Moldan. On the next succeeding line David R. Moldan signed again. This court held the contract was sufficiently ambiguous to authorize the use of extrinsic evidence to determine the intention of the parties. It might well be argued that the second signature served no purpose other than to make the signer a party to the contract. We think the holding in the Moldan case is distinguished from our present holding by the fact that Wilson signed only once and the fact that his signature was preceded by the word "By." The plain words of the contract demonstrate that only The First Management Corporation was a party, and that the Vallas and Wilson signatures were made on behalf of the corporation. Appellant's complaint affirmatively shows that the appellee was an operating agent of The First Management Company, Inc. Appellant's complaint also affirmatively shows that the appellee was not named as a party to the contract and was not referred to as a contracting party in the request for air travel cards. We therefore hold that Delta cannot base a cause of action on its second theory.
Appellant's third theory is that Delta was entitled to disregard The First Management Company's corporate entity and hold appellee personally liable because the corporation was inadequately capitalized and because it had transferred assets to Wilson while it was insolvent. Delta failed to allege facts showing fraud in the organizing of the corporation or the transferring of assets; instead, it alleged fraud as a conclusion. For the courts to disregard the corporate entity, the plaintiff must show that the corporation was organized or used to mislead creditors or to perpetrate fraud upon them. Riley v. Fatt, Fla. 1950, 42 So.2d 769; Advertects, Inc. v. Sawyer Industries, Fla. 1955, 84 So.2d 21.
Affirmed.