358 So.2d 105 (1978)
VACATION, INC., 177 Corporation and Andrew Weisz, Appellants,
v.
SOUTHEAST FIRST LEASING, INC., Appellee.
No. 77-655.
District Court of Appeal of Florida, Third District.
May 2, 1978.
*106 Sandstrom & Haddad, Fort Lauderdale, and Marsha G. Madorsky, Fort Lauderdale, for appellants.
Friedman & Britton and J.T. Haley, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This appeal is by the defendants below from an adverse judgment, entered following a non-jury trial of an action for damages for breach of a lease of an aircraft, against the lessee, Vacation, Inc., and the guarantors, 177 Corporation and Andrew Weisz. We hold no reversible error has been shown.
The lease was for a period of three and one-half years, with an option to purchase. Blank spaces provided in the written lease in which to set out the provisions relating to payment, as to the number and amounts of lease payments, when they were to be made, etc., were not filled in. Those omissions were supplied by a subsequent letter from lessor to lessee. The lessee was put in possession. Pursuant to the terms of the contract as supplemented by the letter, an initial deposit by the lessee was applied by lessor to certain ensuing monthly payments and thereafter lessee made certain of the designated monthly payments. The trial court properly held the contract was made up by the two documents. Hughes v. Professional Insurance Corporation, 140 So.2d 340 (Fla. 1st DCA 1962); Fraser v. Lewis, 187 So.2d 684 (Fla. 3d DCA 1966); 7 Fla.Jur., Contracts, § 78.
Appellants argue that the written guaranty of the defendant 177 Corporation was insufficient in law, and that the written guaranty of the defendant Weisz was not made in his individual capacity. The holding of the trial court contrary to those arguments was correct. The authority of 177 Corporation to make such guaranty, or of the president thereof to execute the corporate guaranty, was not raised by the defendants at trial. The individual character of the separate written guaranty of the defendant Weisz was not affected by the fact that the word or designation "Pres." was inserted after his signature on his warranty.
Affirmed.