404 So.2d 772 (1981)
Donald SABIN, Appellant,
v.
LOWE's OF FLORIDA, INC., a Florida Corporation, D/B/a Lowe's of Orlando, D/B/a Lowe's, Appellee.
No. 80-1376.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
Rehearing Denied October 13, 1981.
*773 Michael S. Wilson, Orlando, for appellant.
Charles J. Collins, Jr., of Steed & Collins, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant is the president of Placemakers Development Company, Inc. He executed a credit application with appellee. On the application in the area for signatures, "Donald Sabin as President" is typed above a line designated "Guarantor and Pledgee." Appellant then signed his signature. Donald Sabin as President, on a second line designated "Guarantor & Pledgee." The application contains the following pertinent statement:
If credit is extended to a corporation in which we, or either of us, or I, am an officer, or in which an interest exists, I and/or we will personally faithfully guarantee payment of all credit extended to said corporation.
Immediately above the signature appears: "NOTICE: IT IS IMPORTANT THAT YOU THOROUGHLY READ BEFORE SIGNING."
The trial court entered judgment against Sabin, individually, and he appeals. We AFFIRM.
Appellant contends that he did not read the agreement and therefore did not understand that he was being asked to guarantee payment. On the other hand, he acknowledges that since he signed as president the corporation was bound whether he had read it or not. He states, however, that to bind him individually it would be necessary for him to sign twice, once as president and once individually.
A party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions. Manufacturers Leasing, Ltd. v. Florida Development and Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976). In Allied Van Lines v. Bratton, 351 So.2d 344 (Fla. 1977), the court said:
It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding. No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.
351 So.2d at 347-48.
Here the contract was clear. It was not long or involved. It was obvious, both from the guarantee and the designation of the signature line as "guarantor" that whoever signed was personally obligating himself. The fact that he signed it "as president" should not alter the plain and obvious meaning and intent expressed in the document. We see no reason to adopt a rule which would excuse performance if read in one instance but not in another. In this instance, in view of the brevity of the credit application, it is difficult to comprehend how appellant could miss the fact that he was obligating himself personally whether he read the document in its entirety or not.
AFFIRMED.
ORFINGER and COWART, JJ., concur.