430 So.2d 957 (1983)
CENTRAL NATIONAL BANK OF MIAMI, a National Banking Corporation, Appellant,
v.
MUSKAT CORPORATION OF AMERICA, INC., and Adolfo Muskat, Appellees.
No. 82-1313.
District Court of Appeal of Florida, Third District.
May 3, 1983.
*958 Britton, Cohen, Kaufman & Schantz and Beth Greenfield-Mandler, Miami, for appellant.
William Phillips, Miami, and Henry W. Clar, Coral Gables, for appellees.
Before BARKDULL, HUBBART and JORGENSON, JJ.
BARKDULL, Judge.
In connection with the appellee corporation borrowing $300,000.00 from the appellant bank, the corporation executed a promissory note, a security agreement and a mortgage. A separate guaranty agreement was also executed. All of these documents bore the date, April 29, 1982. The first three documents had the following typed at the appropriate place for the signature, "Muskat Corporation of America, Inc., below this a line for the written signature, which had typed beneath it, By: Adolfo Muskat, President".[1]
The Guaranty had typed at the appropriate place for the signature only the name, Adolfo Muskat.[2]
When the appellee Adolfo Muskat executed the Guaranty Agreement, he added after his name the word, president. The trial court held that this created a corporation guaranty of its own obligation, to wit: the simultaneously executed corporation note.
We disagree as a matter of law. If the Guaranty is a corporation Guaranty, it is a nullity and adds nothing to the loan transaction. The corporation was already liable on the promissory note and other documents. The individual by the addition of the "descritio personel" cannot defeat the purpose of the guaranty agreement; it, by its terms, contains provisions for individual liability. It provided only for individual signature (contrasting to the other documents) and its import should not be altered or destroyed by the individual adding the word president after his signature, when the document as a whole clearly indicates that it was to be an individual responsibility. See in this connection the following authority: Roy v. Davidson Equipment, Inc., 423 So.2d 496 (Fla. 4th DCA 1982); Stein v. Miss Franie's, Inc. 417 So.2d 726 (Fla. 1st DCA 1982); Sabin v. Lowe's of Florida, Inc., 404 So.2d 772 (Fla. 5th DCA 1981); Vacation, Inc. v. Southeast First Leasing, Inc., 358 So.2d 105 (Fla. 3d DCA 1978); Manufacturers' Leasing, Ltd. v. *959 Florida Development & Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976).
Therefore the final judgment denying liability on the guaranty is reversed with directions to the trial judge to find liability on the guaranty and adjudicate same against the individual appellant, Adolfo Muskat.
Reversed and remanded with directions.
NOTES
[1] Muskat Corporation of America, Inc.
 No. _____ Due April 29, 1982 ____________________________ (seal)
 /s/ Adolfo Muskat, President (seal)
 P.O. Address 16497 N.W. 49th Ave. By: Adolfo Muskat, President
 Hialeah, Fla.

[2] IN WITNESS WHEREOF, I have hereunto set my hand _____ and seal
 _______ the day and year above written.
 SIGNED, SEALED AND DELIVERED
 IN THE PRESENCE OF.
 /s/ signature illegible /s/ Adolfo Muskat, President (SEAL)
 Adolfo Muskat
 ____________________________ ___________________________ (SEAL)
 ____________________________ ___________________________ (SEAL)