■ CHEMICAL BANK, Appellant, v STANLEY KAUFMAN et al., Respondents.—Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered November 24, 1987, denying the motion of plaintiff Chemical Bank for summary judgment, is unanimously reversed, on the law, and the motion granted, with costs and disbursements payable to plaintiff.

Plaintiff Chemical entered into a factoring agreement with Longfellow Industries to purchase the latter's accounts receivable. On the date of that agreement, 3 of the 4 shareholders, directors and officers of Longfellow, the defendants herein, signed individual personal guarantees of the corporation's indebtedness. Longfellow was unable to pay its debt and plaintiff proceeded against the three defendants on their guarantees.

On the motion for summary judgment, the IAS court found only one of the defenses raised presented a triable issue of fact, namely, whether the personal guarantees had been executed and delivered subject to an oral condition precedent that they would not be effective unless the bank obtained a personal guarantee from the fourth shareholder, director and officer of the corporation, one Paul Guez. Defendants asserted Guez owned and licensed to Longfellow the Sasson trademark, which was the corporation's most valuable asset.

Absent fraud or mutual mistake, where the parties have reduced their agreement to a writing, the parol evidence rule will exclude evidence of any prior or contemporaneous negotiations between them which is offered to modify or contradict the terms of the writing (*Marine Midland Bank v Thurlow*, 53 NY2d 381, 387). Here the terms of the guarantees provided, *inter alia*, that they were "primary", "unconditional" and "joint and several", that they could not be changed or terminated orally, and that the bank retained the right to make arrangements or agreements for the discharge or release of any of the guarantors without affecting the liability of the other coguarantors.

"The alleged oral condition precedent asserted in this case is contradictory of three terms, at least, of the written guarantee. It contradicts the description of the guarantor's obligation as unconditional. It contradicts the provision of the guarantee empowering the bank to alter or cancel without notice the obligation of any other guarantor of the company's obligations. It also contradicts the provision that the guarantor's liability would be as if a primary one in the event of default by the principal. Consequently, the oral condition precedent is

not provable as a matter of law". *(Meadow Brook Natl. Bank v Bzura,* 20 AD2d 287, 290.)

Although defendant Kaufman alleges that plaintiff failed to prove the amount due, the record clearly shows Longfellow's receipt and retention of monthly statements of account from the bank showing the amount of indebtedness, none of which was rejected by the guarantors. This receipt and retention of the monthly statements without objection gave rise to an enforceable account stated establishing the amount of the debt *(Rosenman Colin Freund Lewis & Cohen v Neuman,* 93 AD2d 745, 746).

Defendant's contention that he signed his guarantee in a corporate capacity, and cannot therefore be held personally liable, is also without merit. The addition of the word "Pres" immediately after his signature was merely descriptive and does not affect his liability on his personal guarantee *(see, Mencher v Weiss,* 306 NY 1).

Defendant Kaufman additionally contends that plaintiff failed to act in a "commercially reasonable manner" and first liquidate certain collateral to reduce the amount of the debt before proceeding on the guarantee. However, this property was not in plaintiff's possession and it had no perfected security interest in this property. In any event, defendants specifically agreed in their guarantees that impairment of collateral would constitute no defense to an action on the guarantees.

Settle order. Concur—Murphy, P. J., Ross, Carro, Asch and Ellerin, JJ.