PER CURIAM.
We find no error in the trial court finding that the appellant, individually guaranteed the obligation of a corporation *431 in which he was a principal, Vacation, Inc. v. Southeast First Leasing, Inc., 358 So.2d 105 (Fla. 3d DCA 1978); Chemical Bank v. Kaufman, 142 A.D.2d 526, 530 N.Y.S.2d 582 (N.Y.App.Div.1988),[1] and that the guarantor could not successfully urge a lack of notice of default to the principal obligor. Chris Craft Industries, Inc. v. Van Valkenberg, 267 So.2d 642 (Fla.1972); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174 (Fla. 4th DCA 1970); cf United States v. Little Joe Trawlers, Inc., 776 F.2d 1249 (5th Cir.1985) (Interpreting Texas Law.)
Final judgment is affirmed.
Affirmed.

. To adopt appellant’s argument that he executed the guarantee only in a corporate capacity would make the guarantee superfluous or a legal nullity because the corporation would be guaranteeing its own debt. Central National Bank of Miami v. Muskat Corporation of America, Inc., 430 So.2d 957 (Fla. 3d DCA 1983); Stein v. Miss Franie’s, Inc., 417 So.2d 726 (Fla. 1st DCA 1982); Roy v. Davidson Equipment, Inc., 423 So.2d 496 (Fla 4th DCA 1982).