**In re Roy Lee SCHMIDT and Dorothy Ann Schmidt, Debtors.**

**Bankruptcy No. 91–10809–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 7, 1993.

Michael C. Markham, Clearwater, FL, for debtor.

V. John Brook, Jr., St. Petersburg, FL, trustee.

Leslie Conklin, Clearwater, FL, for Stotts C. Boozer.

## ORDER ON OBJECTION TO CLAIM # 19

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case which originally commenced as a Chapter 11 case filed by Roy Lee Schmidt and Dorothy Ann Schmidt (Debtors) on August 20, 1991. Due to the Debtors' inability to achieve reorganization, the case was converted to a Chapter 7 liquidation case on June 26, 1992. The matter under consideration is an Objection to Claim # 19 of Stotts C. Boozer (Boozer).

The claim of Boozer is composed of the following: $6,420.00 unsecured, and $5,280.00 as a priority, or a total of $11,-700.00. The priority portion of the claim is asserted as administrative rent based on § 503 of the Bankruptcy Code and in turn, claimed to be entitled to priority pursuant to § 507(a) of the Bankruptcy Code. The unusual feature of this contested matter is that the Objection is not interposed by the Chapter 7 Trustee, but by Roy L. Schmidt (Schmidt), one of the two Debtors, who contends that inasmuch as there are sufficient funds in the estate to pay all claims in full, including the cost of administration of the aborted chapter 11 case and cost of administration of the Chapter 7 case, he has standing to challenge the claim of Boozer because if he is successful he is entitled to the surplus pursuant to § 726(a)(6) of the Bankruptcy Code.

The facts which are without dispute and as appear from the record can be summarized as follows: On January 10, 1991, Boozer, the owner of an office building, executed a 24–month lease for the premises. The Lease Agreement (Agreement) named Schmidt as tenant. (Schmidt's composite Exh. # 1). Although the Agreement has certain initialed hand-written changes, there are no initialed changes concerning the most crucial part of the Agreement, the controversial signature. The Agreement is signed by Boozer as lessor and Schmidt as, "Pres." (sic), but above his signature are typewritten the two words "American Therapeutic." The record further reveals that all rent payments to Boozer between April 2, 1991 up to and including May 20, 1992, were made by American Therapeutic Massage Clinic, Inc., a Florida corporation, and signed by Schmidt as President and Secretary–Treasurer of that corporation. It further appears that in the Chapter 7 case, Boozer filed a Proof of Claim in the amount of $18,060.00. This claim was filed as a secured claim. (Schmidt's Exh. # 2). The composite exhibit also includes the Complaint filed in the Circuit Court for Pinellas County by Boozer against American Therapeutic Massage Clinic, Inc. in which Boozer sought damages against the corporation for breach of lease, describing the corporation as the tenant and Boozer as the landlord.

The claim in Count II of the Complaint was based on *Fla.Stat.* § 83.08, and sought a landlord lien against the personal properties of the corporation, American Therapeutic Massage Clinic, Inc., located on the premises. Boozer also filed a Motion for Temporary Restraining Order against American Therapeutic Massage Clinic, Inc. The Motion was accompanied by an affidavit of Boozer in which he contended that the employees of American Therapeutic Massage Clinic, Inc. are removing furniture and fixtures from the leased premises.

It is without doubt and conceded by counsel for Boozer that neither Roy L. Schmidt nor Dorothy A. Schmidt, his wife, ever used and occupied the premises owned by Boozer either before or after commencement of the Chapter 11 case. Thus, this

Court is satisfied that Boozer is not entitled to any administrative rent against the estate of the Debtors pursuant to § 503(a) of the Bankruptcy Code. This leaves for consideration whether or not the claim of Boozer may be allowed in the estate of Schmidt and his wife for pre-petition rent earned but unpaid.

■ Boozer contends that, under the controlling legal principles, the Agreement was between Boozer and Schmidt individually, and Schmidt is liable individually under the Agreement and therefore, Boozer's claim for pre-petition rent earned but not paid shall be allowed as a general unsecured claim against the estate of Schmidt. In support of this proposition, counsel for Boozer cites the general principle that a mere description of the status or position of a signatory, such as the addition of the designation "Pres. or President" does not absolve the individual from the obligation undertaken with the execution of the document in question, in this case the lease, citing *Central National Bank of Miami v. Muskat Corporation of America, Inc.*, 430 So.2d 957 (Fla.App. 3 Dist.1983). In *Central National*, the corporation executed a promissory note and security agreement and a mortgage in favor of Central National. In addition, there was a separate guaranty agreement executed the same day. The first three documents were properly typed for signature: "Muskat Corporation of America, Inc." Below this there was a line for written signature on which had been typed "Adolfo Muskat, President." The guaranty agreement had a place for signature which was signed by Muskat as an individual but added after his name the word "President." Based on the foregoing, it has urged that the debt was solely a corporate obligation and Muskat should not be held individually liable because he added after his signature the noun "President." The Third Circuit Court of Appeals rejected this proposition as a matter of law and held that an individual who adds any language describing his capacity cannot defeat the purpose of the guaranty agreement, *citing, Ray v. Davidson Equipment, Inc.*, 423 So.2d 496 (Fla. 4th DCA 1982); *Stein v. Miss Franie's, Inc.*, 417 So.2d 726 (Fla. 1st

DCA 1982); *Sabin v. Lowe's of Florida, Inc.*, 404 So.2d 772 (Fla. 5th DCA 1981); *Vacation, Inc. v. Southeast First Leasing, Inc.*, 358 So.2d 105 (Fla. 3d DCA 1978); *Manufacturer's Leasing, Ltd. v. Florida Development & Attractions, Inc.*, 330 So.2d 171 (Fla. 4th DCA 1976).

Counsel for Boozer also relies on the case of *Robinson v. St. John Advertising and Public Relations, Inc.*, 557 So.2d 908 (Fla.App. 1st Dist.1990), which involved two contracts engaging the services of the advertising agency and the defendant, Slender World. Slender World was a properly-registered fictitious name for Professional Management Training, Inc., a Florida corporation. While the contracts, which were in letter form, identified the contracting parties as Ms. Jan Lane Silcox, President, Slender World, the contract was signed without reference to title or reference to the fact that Slender World was a fictitious name. In *Robinson,* the First District Court of Appeals held that the discovery of the fictitious trade name for the corporation is insufficient notice of a corporate principal's identity and the individual's liability on the contract. Counsel for Schmidt cited no authority in opposition to the authorities cited by Boozer. In addition, counsel for Boozer points out that the authorities cited dealt with the validity, *vel non,* of the guarantee of an individual who signed a guarantee by adding a description of his or her corporate activity. The soundness of the holding of this case cannot be questioned, and for no other reason that it would be clearly an absurd proposition, that the prime obligation of the corporation is guaranteed by the prime obligor, i.e., the corporation. This construction would clearly defeat the very purpose of the guarantee. The fact that the guarantee was signed by an individual but with the addition of his status in the corporation, such as adding "President" to his signature, would not and should not absolve the individual of liability created by the guaranty.

The difficulty in this particular case, however, is that none of the authorities cited are persuasive and controlling. There is no doubt that this lease is ambiguous

and thus, the Court must consider extrinsic evidence to determine who shall, in fact, be considered the tenant of the premises leased by Boozer. The record reveals the following facts which are basic and without dispute.

First, Boozer did, in fact, file a Proof of Claim in the corporate case of American Therapeutic Massage Clinic, Inc.; second, he expected rent payments through the relevant period of time from American Therapeutic Massage Clinic, Inc.; third, the Complaint filed in the Circuit Court named only American Therapeutic Massage Clinic, Inc., the tenant, and not Schmidt individually; fourth, while it is true that a literal reading of the lease would indicate that Schmidt signed as "president," it was signed as president of a non-existent corporation; and, fifth, the corporation, and not Schmidt, occupied the premises at all times; and the rent was paid at all times by the corporation. In view of the totality of the relevant facts, this Court is satisfied that the tenant was American Therapeutic Massage Clinic, Inc., and not Schmidt. Based upon the foregoing, the Objection should be sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim # 19 of Stotts C. Boozer filed by Roy Lee Schmidt and Dorothy Ann Schmidt is hereby sustained, and the claim is hereby disallowed.

DONE AND ORDERED.