636 So.2d 539 (1994)
James GRAF, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 93-1129.
District Court of Appeal of Florida, Fifth District.
April 15, 1994.
*540 Gus R. Benitez of Benitez & Butcher, P.A., Orlando, for appellant.
Philip Turner King, Jr., Lora A. Dunlap, and Linda S. Bols of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from a summary judgment in an insurance coverage case.
Appellant leased a car from Alamo Rent-a-Car, Inc. Appellee is the insurance company covering Alamo and appellant is a beneficiary under the policy because at the time he was injured he was a passenger in the Alamo car he had leased. The car was driven by an authorized person who died in the accident. The liability insurance policy between Alamo and appellee is for $1,000,000 and it is this policy which covers the occurrence here.
Appellant claims entitlement under the one-million dollar policy and appellee says he is not entitled to the full coverage because he signed a rollback agreement with Alamo when he leased the car. That rollback is to the minimum required under Florida law, $10,000 per person/$20,000 per accident.
At issue is whether appellant did agree to the rollback; the trial court ruled that he did.
It is a matter of undisputed fact that appellant was given one document to sign when he leased the car. That document is copied on the front side in original form below.
The obverse side is copied below in a blown-up form to attempt to make it more readable. It is these copies which we have considered, along with the procedure when the signing occurred. The procedure is familiar to virtually all readers, we suspect. No discussion was had between the rental agent regarding the document signed, no document other than the one presented above was given to appellant and he denies entering into any agreement to lease the car or to the reduction in insurance coverage.
We must note that the blown-up version of the document which was attached to appellee's motion for summary judgment is not the same as the actual document signed. The copy furnished the judge with the motion for summary judgment, below, can be compared with the record copy we have set out first.
*541 
This version, submitted by appellee has the words "Detach for receipt" missing from it.
It has been the position of appellant throughout the proceedings that what he signed was a receipt, not a contract. Obviously, the deletion of the word receipt is a material alteration.
Appellee, in its brief, concedes that the document is a receipt but that it is also an agreement because in the upper left-hand corner it says in smaller-than-other printing *542 "Rental Agreement No." This is hardly notice to anyone that the receipt is in fact a full-blown rental agreement with all the serious implications thereof. As said before, the usual procedures one goes through when picking up a rental car are not usually such which would put the average person on notice that he should stop, turn over the receipt and take out his reading, or magnifying glass to examine the real meaning of the document.
The issue to be decided on the motion for summary judgment, that is, whether the document was a contract or a receipt, was argued and presented to the trial judge in August, 1992. The ruling of the court was not made until March, 1993 so it is very possible the judge was misled into his ruling by the altered document attached to appellee's motion for summary judgment and a faded memory of the presentations at the hearing.
The document is not obviously on its face a contract. Appellant has asserted, and it is not factually disputed, that he was unaware of the provisions on the other side of the document when he signed it. The document in question could have been interpreted as a receipt by the language "attach for receipt" or as an agreement because the document contains the language "agreement no."; therefore, the document in question contains an ambiguity. As a result of this ambiguity it is not clear that there was a meeting of the minds in reaching the alleged agreement, which is a requirement for a valid contract. David V. Richman, 528 So.2d 25, 27 (Fla. 3d DCA 1988), approved, 568 So.2d 922 (Fla. 1990). This ambiguity should not have been resolved on a motion for summary judgment. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991); PABC Florida Assocs. v. Lexington Dev. Corp. of Florida, Inc., 560 So.2d 1377, 1378 (Fla. 5th DCA 1990).
It is our determination that issues of fact have been raised which must be decided by a jury. That is, was appellant mislead to believe he was signing a receipt, not a contract, and, similarly, did the form of the document and the procedures in the signing of it mislead appellant. Finally, was there a meeting of the minds and an intent on the part of both parties to be contractually bound.
Summary judgment REVERSED, REMANDED for further proceedings.
W. SHARP, J., concurs.
COBB, J., dissents, with opinion.
COBB, Judge, dissenting.
I dissent from the majority opinion for the simple reason that none of the reasons given require this court to reverse the lower court's final summary judgment in favor of the appellee. At least until the advent of this case, a key element of contract law was that one was "bound by his contract" in the absence of fraudulent inducement or misrepresentation. Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977); Sabin v. Lowe's of Florida, Inc., 404 So.2d 772, 773 (Fla. 5th DCA 1981).
In the instant appeal, Graf does not deny renting the car but argues that he was given a "receipt" rather than a rental agreement to sign. As a corollary to this position, the majority claims that there was a "material alteration" because a blown up version of the front of the rental agreement (no. 949-774222-9) was submitted to the trial court with appellee's motion for summary judgment without the words "detach for receipt" visible.
The plain words of the trial court, however, in its order granting appellee's motion for summary judgment, refute this argument. The trial court expressly stated it heard argument of counsel, reviewed memorandum and "reviewed the court file." The court file reveals at least two occasions where the front of the rental agreement was copied in original size. There is absolutely no evidence that the trial judge was misled into a ruling by an "altered document" and a "faded memory."
As the appellee correctly states, the rental agreement not only represents an express written contract, it also serves as the customer's receipt. There is no reason to assume that the terms "rental agreement no." and "detach for receipt" are somehow mutually exclusive or creates some type of ambiguity. Numerous businesses throughout the world depend on such multiple purpose documents daily.
*543 The majority also mistakenly believes that the document was not on its face a contract. To the contrary, all the elements for a contract were present; there was an offer, acceptance, and consideration. Finally, all the terms were clearly and unequivocally expressed in the document on both the front and back side. The fact that Graf didn't bother to turn the agreement over and read the express terms printed on the back is of no consequence. See American Casualty Co. v. Coastal Caisson Drill Co., 542 So.2d 957, 958 (Fla. 1989). Unless legislation dictates otherwise,[1] it was Graf's burden to attempt to learn and understand the contents of the document. Parties to a written agreement have a duty to "learn and understand" the contents of a document before signing it, and self-imposed ignorance will not affect the liability of one who signs it. Keller v. Reed, 603 So.2d 717, 720 (Fla. 2d DCA 1992) (and cases cited therein); Rollins, Inc. v. Heller, 454 So.2d 580, 584, n. 3 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 114 (Fla. 1985); Sabin; Reliable Finance Co. v. Axon, 336 So.2d 1271, 1274 (Fla. 2d DCA 1976).
The undisputed facts demonstrate that there was an opportunity for Graf to read the document and there was no misrepresentation or inducement which prevented him from reading the document. Additionally, the terms were clear and unequivocal. Finally, there was no ambiguity as to the fact that the document was a "rental agreement" and also served as a customer's "receipt."
I would affirm.
NOTES
[1] Note that any language attempting to exclude or modify implied warranties of merchantability or implied warranties of fitness under section 672.315(2) must be conspicuous when contained in a writing. See also section 671.201(10), Florida Statutes, which defines "conspicuous" under Florida's version of the U.C.C.