639 So.2d 636 (1994)
MED-STAR CENTRAL, INC., Appellant,
v.
PSYCHIATRIC HOSPITALS OF HERNANDO COUNTY, INC., d/b/a Greenbrier Hospital, Appellee.
No. 92-2830.
District Court of Appeal of Florida, Fifth District.
July 1, 1994.
L.R. Huffstetler, Jr., Spring Hill, for appellant.
Gerald B. Sternstein of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Tallahassee, for appellee.
THOMPSON, Judge.
Med-Star Central, Inc. ("Med-Star") appeals the final summary judgment entered in favor of Psychiatric Hospitals of Hernando Co., Inc. ("Psychiatric Hospitals") on its breach of contract claim. We reverse.
Although the trial court is presumed correct, in reviewing the facts of the case, we take the facts in the light most favorable to Med-Star, the non-moving party on the motion for summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). The undisputed facts show that representatives of Med-Star and Psychiatric Hospitals signed a document titled "Transport Proposal." The purpose of the document was to allow Med-Star to be the exclusive transporter of Psychiatric Hospitals' patients. The document was submitted in response to an invitation from Psychiatric Hospitals for proposals for a contract to transport patients. After the representatives signed the document, it was notarized in their presence. The document was signed on 18 December 1990 and Med-Star provided exclusive transportation for Psychiatric Hospitals until 15 February 1991. The document identified the parties and listed the liabilities and rights both parties "shall" have under the agreement. It provided that the agreement "is an independent contract relationship between the parties." It also provided that the agreement would bind the parties for a minimum of 12 months and provided the method of cancellation.[1] The document also established rates for transportation and a payment schedule for services rendered and the amount of interest charged for overdue payments.
Med-Star brought the present action, alleging that Psychiatric Hospitals had breached the contract by using someone in addition to Med-Star for transportation of patients. Psychiatric Hospitals filed a motion for summary judgment on the breach of contract claim with an attached memorandum *637 of law and supporting affidavit. Med-Star filed a response, a memorandum of law and an affidavit in opposition to the motion. Psychiatric Hospitals argued that the document was not an enforceable contract but only a proposal, as the title indicates, and was only meant to be a starting point for future negotiations. Psychiatric Hospitals asserted that the language of the proposal was speculative and futuristic in nature indicating the need for a contract to be consummated in the future, Brown v. Dobry, 311 So.2d 159 (Fla. 2d DCA 1975), and that the proposal was not characteristic of a formalized binding contract. Belcher v. Import Cars, Ltd., 246 So.2d 584 (Fla. 3rd DCA), cert. denied, 252 So.2d 801 (Fla. 1971). The trial court granted the motion and entered a summary final judgment.
Although the document had all the elements of a contract: an offer, an acceptance and consideration; there was an ambiguity which prevented the trial judge from granting the motion for summary judgment. See Gibson v. Courtois, 539 So.2d 459, 460 (Fla. 1989); Graf v. Liberty Mutual Ins. Co., 636 So.2d 539 (Fla. 5th DCA 1994) (holding that trial court erred in granting summary judgment on issue of whether document was a contract or a receipt where document could have been interpreted either way and ambiguity in that regard made it unclear whether there was a meeting of the minds, which is a requirement for a valid contract, thus, issues of fact were raised which should not have been resolved by summary judgment). The only ambiguity in the proposal relates to whether the proposal was meant to be a binding contract when signed. Psychiatric Hospitals' contention is that it did not intend to enter into a binding contract, however, their subjective intent is not material in determining whether a contract was made. Jackson v. Investment Corp. of Palm Beach, 585 So.2d 949, 950 (Fla. 4th DCA 1991).
[T]he test of the true interpretation of an offer or acceptance is not what the party making it thought it meant or intended it to mean, but what a reasonable person in the position of the parties would have thought it meant.
Id. (citing 1 Williston on Contracts § 94, 339-340).
A reasonable person, in the position of Med-Star, could have thought that by signing the proposal, Psychiatric Hospitals accepted its offer and meant to be bound by its terms. Jackson, 585 So.2d at 960. Although there are conflicting affidavits in the record as to the parties intentions, the uncontradicted facts establish that Med-Star and Psychiatric Hospitals had performed under the agreement up until 15 February 1991. Thus, the ambiguity as to whether, by signing the proposal, the parties intended to enter into a binding contract, creates a genuine issue of material fact precluding summary judgment. Gibson, 539 So.2d at 460; Graf, 636 So.2d 539; Bunnell Medical Clinic, P.A. v. Barrera, M.D., 419 So.2d 681 (Fla. 5th DCA 1982) (citations omitted); Citizens Bank of Perry v. Harlie Lynch Construction Co., Inc., 426 So.2d 52, 54 (Fla. 1st DCA 1983).
We reverse the summary judgment and remand for proceedings consistent with this opinion because there is a genuine issue of material fact.
REVERSED and REMANDED.
W. SHARP and PETERSON, JJ., concur.
NOTES
[1] The agreement reads in part:

"Upon arrival of this proposal both parties shall contract for a minimum of twelve months. This contract will automatically be renewed for a minimum of twelve months on the date of expiration. Should either party choose not to renew the contract, a letter of intent to cancel or amend must be revised by either party no later than thirty (30) days prior to date of expiration."