■ JAMAICA PUBLIC SERVICE CO. LTD., Appellant, v AIU INSURANCE COMPANY et al., Respondents, et al., Defendants. [663 NYS2d 845] —Order, Supreme Court, New York County (Charles Ramos, J.), entered December 2, 1996, which granted the motion of defendant-respondent AIU Insurance Company to disqualify plaintiff's counsel, unanimously affirmed, without costs.

The motion court properly disqualified plaintiff's counsel for violation of Code of Professional Responsibility DR 5-108 (22 NYCRR 1200.27). Defendant-respondent established the existence of a prior attorney-client relationship with an attorney employed by that firm, which attorney was involved with issues relevant to the present litigation and who possessed confidences and secrets obtained as in-house counsel that are substantially related to issues in the present litigation, in particular the complex corporate structure of the holding company owning interests in respondent and certain other defendants and the interrelationship of such defendants (*see, Solow v Grace & Co.*, 83 NY2d 303, 308). Since the attorney had already revealed such knowledge in the early stages of the litigation, respondent met its burden of showing the reasonable probability that confidential information would be disclosed (*see, Greene v Greene*, 47 NY2d 447, 453). The dismissal of the action as against the moving party does not warrant vacatur or reversal of the order appealed from. Concur—Sullivan, J. P., Rosenberger, Williams and Andrias, JJ.

■ BNY FINANCIAL CORPORATION, Respondent, v EUGENE KOGAN et al., Appellants. (And a Third-Party Action.) [665 NYS2d 265] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 23, 1997, awarding plaintiff the principal sum of $3,025,454.85, unanimously affirmed, with costs.

Summary judgment was properly granted because the alleged oral condition precedent, which contradicts the descriptions of the guarantors' obligation as unconditional and of their liability as primary, is not provable as a matter of law (*see, Meadow Brook Natl. Bank v Bzura*, 20 AD2d 287; *Chemical Bank v Kaufman*, 142 AD2d 526). The asserted defense with respect to the underlying receivables claim is clearly barred by the terms of the guarantee. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Colabella, JJ.