RAMIREZ, J.
Plaintiff Great Lakes Products, Inc. appeals the trial court’s Final Summary Judgment entered in favor of Defendant Ricardo Wojciechowski. We reverse the Final Summary Judgment, finding that the trial court erred in failing to hold as a matter of law that Wojciechowski was per *419 sonally liable for the debt of Brave Coast, Inc., the corporate defendant in this case.
Brave Coast, Inc. (Brave Coast) obtained a credit application from Great Lakes Products, Inc. (Great Lakes), an Illinois corporation, so that Brave Coast could purchase seafood from Great Lakes. On July 16, 2001, Brave Coast’s president, Ricardo Wojciechowski, signed the credit application. Under Wojciechowski’s signature, the word “president” was typed in the blank following the word “title.” Immediately underneath this, the following preprinted language appeared:
I personally guarantee payment on this account and agree to the terms of this credit application which is incorporated into this guarantee.
Great Lakes subsequently made several seafood deliveries to Brave Coast from September 20 through October 15, 2001. Great Lakes rendered six statements of account to Brave Coast. Brave Coast submitted checks in partial payment, however those checks were dishonored. Great Lakes then filed suit for account stated and goods sold, alleging that Brave Coast owed Great Lakes $80,649.32. Count III of the complaint was an action against Wojciechowski for his personal guarantee.
Great Lakes moved for summary judgment against Brave Coast and Wojcie-chowski, and then submitted the affidavit of its president, Joe Schuetz. Wojciechow-ski also filed an affidavit stating that in signing the credit application as president of Brave Coast, he did not intend to sign a personal guarantee in his individual capacity. The trial court granted summary judgment in favor of Great Lakes as to Brave Coast, but denied the summary judgment as to Wojciechowski. A final judgment was entered against Brave Coast for $80,649.32. The claim against Wojcie-chowski was set for non-jury trial. Wo-jciechowski thereafter filed a motion for summary judgment on the issue of his personal liability for Brave Coast’s debts. The trial court granted the motion for summary judgment and cited to Delta Airlines, Inc. v. Wilson, 210 So.2d 761 (Fla. 3d DCA 1968). Great Lakes then appealed.
We disagree with the trial court. The issue here is whether Wojciechowski’s signature on the credit application gives Great Lakes recourse to proceed against him individually as a guarantor. See Robert C. Malt & Co. v. Carpet World Distributors, Inc., 763 So.2d 508, 510 (Fla. 4th DCA 2000). This is a question of law. Id. We hold that the trial court erred as a matter of law in finding that Wojciechow-ski was not personally liable for Brave Coast’s debt. The language of the credit application signed by Wojciechowski is clear and unambiguous in its statement that Wojeiewchowski personally guaranteed payment on the subject account. Florida law is clear that an individual who executes a guarantee as an officer of a corporation by inserting his corporate title after his name on a document cannot defeat the purpose of the guarantee when, by its terms, the document contains provisions for individual liability. See Laboratory Corp. of America v. McKown, 829 So.2d 311, 313 (Fla. 5th DCA 2002). See also Nelson v. Ameriquest Technologies, Inc., 739 So.2d 161, 164 (Fla. 3d DCA 1999) (holding that the fact that a guarantor added letters “V.P.” after his signature, and thus allegedly executed a guaranty only in his corporate capacity, did not defeat a finding that the guarantor was individually liable; the express and unambiguous provisions of the guaranty made the guarantor individually liable); Saada v. Grumman Credit Corp., 583 So.2d 430, 431, fn. 1 (Fla. 3d DCA 1991) (finding no error in the trial court finding that the appellant individually guaranteed the obligation of a corporation in which he was a principal; “[T]o adopt appellant’s argument that he executed the guarantee only *420 in a corporate capacity would make the guarantee superfluous or a legal nullity because the corporation would be guaranteeing its own debt.”); Central Nat’l Bank of Miami v. Muskat Corp. of America, Inc., 430 So.2d 957, 958 (Fla. 3d DCA 1983) (holding that the fact that a corporate president added the word “president” after his name on a guaranty agreement could not defeat the agreement’s purpose of making the president a guarantor of the corporation’s promissory note; the addition of the word “president” did not create a corporation guaranty of its own obligation).
Furthermore, we find the trial court’s reliance on Delta Airlines, Inc. v. Wilson, 210 So.2d 761 (Fla. 3d DCA 1968) to be misplaced. In Delta Airlines, Inc., there was no explicit promise to personally guarantee payment, as is present in the case before us. As such, we reverse the final summary judgment in favor of Wojciechowski and remand with directions that the trial court enter final judgment in favor of Great Lakes, Inc. and against Wo-jciechowski on the personal guarantee claim.
Reversed and remanded with directions.