IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BUGWARE, INC.,

     Appellant,

v.

MICHAEL J. WILLIAMS AND
WILLIAMS
ENVIRONMENTAL &
GEOLOGICAL SERVICES,
LLC.,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2694

_____/

Opinion filed March 17, 2016.

An appeal from the Circuit Court for Leon County.
George S. Reynolds III, Judge.

Claire A. Duchemin of Claire A. Duchemin, P.A., Tallahassee, and Jessica McGrew of Jessica G. McGrew, P.A., Tallahassee, for Appellant.

M. Stephen Turner and Alexandra Aparicio of Broad & Cassel, Tallahassee, and Kelly Overstreet Johnson of Baker Donelson, Tallahassee, for Appellee.


MAKAR, J.

     BugWare, Inc., is in the business of oilfield paleontology, focusing on ultra-microscopic fossils (nannofossils) to determine the age of sediment, via a process known as biostratigraphy, from areas where its clients believe oil deposits may exist.

It appeals the dismissal with prejudice of its complaint against Michael Williams, the sole officer and employee of Williams Environmental & Geological Services, LLC (Williams Environmental), for breach of a subcontractor agreement. For the reasons that follow, we reverse.

In its initial and amended complaints, BugWare sued Williams and Williams Environmental for breach of contract and misappropriation of trade secrets. It claimed that Williams breached the non-compete clause in a 2010 subcontractor agreement for paleontology services by working for a competitor in 2013 after learning proprietary and confidential information regarding the identification and classification of nannofossils.[1] Williams and his company moved to dismiss the amended complaint, contending that Williams could not be held individually liable because the subcontractor agreement with BugWare unambiguously made clear that only Williams Environmental was a party. They argued that Williams signed the agreement only in his representative capacity as a corporate officer and that language elsewhere in the agreement—upon which Bugware relied to establish Williams's personal liability—was simply prefatory recitals without legal effect.

---

[1] Williams and Williams Environmental jointly responded to the initial complaint by filing an answer, affirmative defenses, and a counterclaim—their motion defining themselves collectively as "Williams." They subsequently defined themselves separately after the amended complaint was filed, which BugWare claims amounted to taking inconsistent positions. Because we resolve this case on other grounds, we need not address BugWare's claim.

2

BugWare responded by pointing out that the agreement begins by declaring: "This Agreement is between BugWare, Inc. . . . and Michael J. Williams of Williams Environmental & Geological Services, LLC," which it views as a clear statement of the parties to the agreement that specifically includes Williams individually. It pointed to other portions of the agreement where various obligations—such as personal appearance and demeanor, personal drug testing, avoidance of political/religious debates while working, and payments to his estate if he died— were to be performed by Williams individually, obligations that could not have been performed by a corporate entity. The agreement's language as a whole, according to BugWare, indicates an intent to bind Williams personally.

After a hearing, the trial court ruled that "[u]nder the terms of the Agreement, Mr. Williams is not a party in his individual capacity." The court reasoned that a "signature preceded by the word 'by' and accompanied by language identifying the person as a corporate officer does not create liability for the person signing a contract to which he or she is not a specified party." It also noted that the signature block identified only Williams Environmental as a party to the agreement. Accordingly, the trial court dismissed Williams "as a party defendant for all purposes herein, except to the extent there would be injunctive relief entered against Williams Environmental & Geological Services, LLC, under which he could possibly be covered as an officer and employee [thereof]."

3

Appellate review of the dismissal order is de novo. White v. Syfrett, 955 So. 2d 1110, 1112 (Fla. 1st DCA 2006). In doing so, we apply the well-established principles that the trial court was limited to the four corners of the complaint, accepting all well-pled allegations as true, id., and that "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes." Fla. R. Civ. P. 1.130. Of course, "if an attached document negates the pleader's cause of action or defense, the plain language of the document will control and may be the basis for a motion to dismiss." Health Application Sys., Inc. v. Hartford Life & Acc. Ins. Co., 381 So. 2d 294, 297 (Fla. 1st DCA 1980).

We conclude that the language of the subcontractor agreement as a whole does not unambiguously preclude Williams from individual liability; instead, a factual issue exists as to whether the agreement was intended to include Williams personally. See Centennial Mortg., Inc. v. SG/SC, Ltd., 772 So. 2d 564, 566 (Fla. 1st DCA 2000) (intent under ambiguous contract as to the responsibility of an alleged party "is a question of fact"). The trial court correctly noted that the mere signing of an agreement as a corporate officer does not impose personal liability on that officer, citing Delta Air Lines, Inc. v. Wilson, 210 So. 2d 761, 763 (Fla. 3d DCA 1968) ("It has been established that the signature of a corporate officer placed under the name of the corporation and preceded by the word 'By' does not create personal liability."). Unlike the situation in Wilson in which the "parties to the contract are

4

clearly set out in the body of the contract," id., the agreement at issue states at the outset that it is "between BugWare, Inc. . . . and Michael J. Williams of Williams Environmental & Geological Services, LLC," thereby creating tension with the claim that Williams only signed in his corporate capacity. The other provisions noted above, suggesting that Williams—as the sole employee and officer of Williams Environmental—may have personal responsibilities, buttress the conclusion that the agreement is unclear and ambiguous on the corporate/personal capacity issue.

We emphasize that Williams's personal liability under the agreement may or may not be established on remand; it will depend on the evidence presented. Unlike situations where a written agreement unambiguously establishes individual liability, such as where a corporate officer assumes personal liability for a corporate obligation,[2] the agreement at issue is ambiguous, leaving room for interpretation. Because its language is ambiguous, the agreement cannot override the allegations of BugWare's complaint for purposes of a motion to dismiss. As such, dismissal of Williams with prejudice was improper at this stage in the proceedings.

---

[2] Great Lakes Prods., Inc. v. Wojciechowski, 878 So. 2d 418, 419 (Fla. 3d DCA 2004) (holding officer personally liable because he agreed to "personally guarantee payment on [an] account"); Lab. Corp. of Am. v. McKown, 829 So. 2d 311, 312 (Fla. 5th DCA 2002) (holding company president personally liable after he gave a "personal guarantee that $250,000 will be paid"); Robert C. Malt & Co. v. Carpet World Distribs., Inc., 763 So. 2d 508, 509 (Fla. 4th DCA 2000) (holding company president personally liable pursuant to language in contract stating that if company's net worth "is reduced in excess of ten percent (10%) . . . then it is agreed that [the company president] shall guarantee the shortfall").

5

REVERSED and REMANDED.

WETHERELL and WINOKUR, JJ., CONCUR.