URSULA UNGARO, UNITED STATES DISTRICT JUDGE
This cause is before the Court on Defendant Doctor's Associates, Inc.'s Motion to Compel Arbitration and Stay Litigation (the "Motion"). D.E. 13. The Motion is fully briefed. For the reasons stated below, the Motion is GRANTED:
I. Background
By way of background, Plaintiff agreed to accept a Subway offer promoting Subway sandwiches and other menu offerings. D.E. 1. The offer stated that a consumer who accepted the offer was consenting to receive a maximum of 10 autodialed text messages. Id. ¶ 11. The offer also referenced "Terms and Conditions" or "Terms of Use." Id. at 3. Plaintiff has sued Defendant Doctors Associates, Inc. ("Subway") for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending more than ten text messages to consumers who accepted the Subway offers without their consent. Id. Subway has responded by moving to compel arbitration and stay the proceeding because the "Terms and Conditions" included an arbitration clause that covers this dispute. D.E. 13.
II. Legal Standard
The Federal Arbitration Agreement (the "FAA"), 9 U.S.C. §§ 1 et seq., governs this dispute and "embodies a liberal federal policy favoring arbitration agreements." Caley v. Gulfstream Aerospace Corp. , 428 F.3d 1359, 1367 (11th Cir. 2005) (quotation marks omitted). The Eleventh Circuit has "recognized that the FAA creates a presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.' " Bazemore v. Jefferson Capital Sys., LLC , 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting Dasher v. RBC Bank (USA) , 745 F.3d 1111, 1115-16 (11th Cir. 2014) ). "Under the FAA, a written agreement to arbitrate is 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract ...' Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." Lambert v. Austin Ind. , 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2 - 4 ). Thus, "[t]he threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.' " Id. (quoting First Options of Chicago, Inc. v. Kaplan , 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ).
III. Analysis
Under Florida law, a contract is formed from offer, acceptance and consideration.
*1282 Med-Star Cent., Inc. v. Psychiatric Hosps. of Hernando Cty., Inc. , 639 So.2d 636, 637 (Fla. Dist. Ct. App. 1994) ( [T]he document had all the elements of a contract: an offer, an acceptance and consideration ...."). Here, Defendant's motion to compel argues that Plaintiff agreed to arbitrate the dispute because Plaintiff agreed to the arbitration agreement in the terms and conditions. D.E. 13. Specifically, Defendant argues that Plaintiff acknowledged that he was presented with an offer for a free 6-inch sub and accepted the terms by opting in to receiving text messages from Subway "after seeing Subway's call to action" by texting "Offers2" to 78929 "to join Subway's text club." D.E 16 at 3. Plaintiff also admits that the Subway offer contained a "disclaimer" stating that Terms and Conditions "would be found at subway.com/subwayroot/TermsOfUse.aspx." id. at 2-3. The "Terms and Conditions" indisputably compel arbitration of Plaintiff's claims. D.E. 13-3 at 9. However, Plaintiff maintains that the arbitration clause is unenforceable because Subway cannot show that he accepted the Terms and Conditions and, in any event, the reference to "Terms and Conditions" was insufficient to notify him of the arbitration clause and ambiguous to the extent it was preceded by a statement suggesting that "Consent" to the "Terms and Conditions" was not required. D.E. 16.
First, the Court rejects Plaintiff's mere denial that he understood his acceptance was subject to "Terms and Conditions," including the arbitration clause. The offer quoted in the Complaint plainly states "By clicking 'Sign me up' you agree to receive email promotions and other general email messages from subway Group. In addition you agree to the Subway Group Privacy Statement and Terms of Use." D.E. 1 ¶ 10 (emphasis in original). Additionally, Defendant has produced evidence that the offer stated that it was subject to "Terms of Use" or "Terms and Conditions" and that such terms included the arbitration clause. D.E. 13-1 ¶¶ 5-6. And while it is true that the reference to "Terms and Conditions" or "Terms of Use" appears in small font, the font was no smaller than the language on which Plaintiff relies to bring his TCPA claim, i.e., Subway's "promise" to send no more than 10 text messages monthly without the consumer's consent. Further, the reference to "Terms and Conditions" or "Terms of Use" is in close proximity (within 2 lines of type) to the "promise" which Plaintiff claims was broken and is the basis of his TCPA claim. See Winner v. Kohl's Dep't Stores, Inc. , No. CV 16-1541, 2017 WL 3535038, at *7 (E.D. Pa. Aug. 17, 2017) (holding that plaintiff's actions in enrolling in a text "call to action" program constituted prior consent to the terms and conditions incorporated by hyperlink, including being sent 5-7 messages per month).
Second, the Court is unpersuaded by Plaintiff's argument that the reference to "Terms and Conditions" was insufficient to put him on notice of the arbitration clause because the arbitration clause was not specifically mentioned. D.E. 16 at 5. Under Florida law, a plaintiff is bound by all of the terms of a contract, including an arbitration clause, regardless of whether he actually read them or understood them at the time he assented. See, e.g., Avatar Props., Inc. v. Greenbaum , 27 So.3d 764, 766-67 (Fla. 2d DCA 2010) (holding there was an agreement to arbitrate where the parties' purchase and sale agreement incorporated by reference a home warranty containing an arbitration clause despite the fact that the warranty was not attached and the purchase agreement did not mention arbitration).
Third, and finally, the Court is unpersuaded by Plaintiff's argument that the offer was ambiguous regarding the applicability *1283 of the terms of use. D.E. 16 at 5 (citing Temple Emanu-El v. Tremarco Indus. , Inc., 705 So.2d 983, 984 (Fla. 4th DCA 1998) ). While it is true that the offer stated "consent is not a condition of making any purchase," it is clear from a reading of the entirety of the email or text message that consent to the terms of use and privacy statement was required in order to enjoy the benefits of the offer. See D.E. 1 ¶ 10 ("By clicking 'Sign Me Up' you agree to receive email promotions and other general email messages from Subway® Group, in addition you agree to the Subway® Group Privacy Statement and Terms of Use ) (emphasis in original). Plaintiff's argument is refuted by the precedent he cites in support. D.E. 16. Plaintiff cites Mgmt. Computer Controls, Inc. v. Charles Perry Const., Inc. , 743 So.2d 627, 631 (Fla. Dist. Ct. App. 1999) for the proposition that in order to incorporate other documents by reference, such as the terms of use, "[t]he contract must contain more than a mere reference to the collateral document ...." However, the very next sentence states "[i]t is sufficient if the general language of the incorporating clause reveals an intent to be bound by the terms of the collateral document." Id. As discussed, such an intent is obvious from the language of both the text messages and the email, which state that by texting back or clicking "sign me up" the participant agrees to the terms of use, including the arbitration clause.
IV. Conclusion
For the foregoing reasons, Defendant's Motion to Compel Arbitration is GRANTED. Accordingly, it is
ORDERED AND ADJUDGED THAT Defendant's Motion to Compel Arbitration, D.E. 13, is GRANTED. The case is hereby STAYED pending resolution of binding arbitration pursuant to the parties' arbitration agreement. It is further
ORDERED AND ADJUDGED THAT the Clerk of Court SHALL administratively close the case. All future hearings are CANCELLED and all pending motions are DENIED AS MOOT.
DONE AND ORDERED this 29th day of August, 2018 at Miami, Florida.